CASE 107—ACTION FOR PERSONAL INJURIES—FEB. 7.

# Teager v. City of Flemingsburg.

APPEAL FROM FLEMING CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.    AFFIRMED.

MUNICIPAL CORPORATIONS—INJURY TO TRAVELER FROM STEP IN STREET.

Held:    The building of a sidewalk by a city with a step, which, from the nature of the grade, the city government deems necessary and proper, is not such negligence as will warrant a recovery against the city by one injured in a fall caused by the step, unless the plan of construction adopted was manifestly unsafe.

THOMAS L. GIVEN, G. A. CASSIDY AND JOHN P. McCARTNEY, ATTORNEYS FOR APPELLANT.

The appellant was injured by falling over a step in the sidewalk of one of the streets in the city of Flemingsburg, by which he lost a thumb. The step had been there for many years and the appellant knew it was there, and was at the time of the accident trying to avoid it. The accident happened in the night just before day as the appellant was on his way to the train.

Upon the conclusion of the plaintiff's testimony, the court on motion of the city gave the jury peremptory instruction to find for the city on the ground of contributory negligence on the part of the plaintiff.

We contend that this was error. The question of negligence ought not to be taken from the jury unless the conduct of the plaintiff relied upon as contributory negligence is established by clear and uncontradicted testimony, and presents some decisive act in regard to the character and effect of which no room is left for ordinary minds to differ.

The testimony in this case shows a difference in the opinion of the witnesses as to whether or not this step was an obstruction and as to its being dangerous.

## AUTHORITIES CITED.

Elliott on Roads and Streets, p. 17; Clark v. Commonwealth, 14 Bush, 169; Am. & Eng. Ency. of Law, 90, 91 and 96; Whittaker's Smith on Negligence, 308-309; Haire v. Kansas City,

Teager v. City of Flemingsburg.

76 Missouri, 438; Todd v. City of Troy, 61 N. Y., 506; City of Chicago v. Bixby, 84 Ill., 82; City of Newport v. Miller, 93 Ky., 24-25; Blyhl v. Village of Waterville, 47 Am. St. Rep., 596; Beach on Contributory Negligence, 56-57; Millcreek Township v. Perry, 12 Atl. Rep., 149; City of Altoona v. Lotz, 60 Am. Rep., 347; Maus v. City of Springfield, 20 Am. St. Rep., 436; Spearbracker, 64 Wis., 873; B. & O. R. R. Co. v. Kane, 9 Am. St. Rep., 387; Matthews v. Cedar Rapids, 20 Am. St. Reps., 436; 8 Am. St. Rep., 847, 848, 849 and 850; City of Sandwich v. Dolas, 23 Am. St. Rep., pp. 598, 599; McQuillan v. Seattle, 45 Am. St. Rep., 801-802; Wright v. Mulvaney, 23 Am. St. Rep., 393; Bernharder v. Rensealer & S. R. R. Co., 25 Am. St. Rep., 165; Russell v. Township of Monroe, 47 Am. St. Rep., 23; Harris v. Township of Clinton, 8 Am. St. Rep., 849; Kelly v. Inhabitants of Blackstone, 9 Am. St. Rep., 730; Hayes v. Gainesville St. R. R., 8 Am. St. Rep., 634; City of Lancaster v. Kissenger, 10 Rep. (Pa.), 636; Russell v. Township of Monroe, 47 Am. St. Rep., 824.

W. G. DEARING and O. R. BRIGHT, Attorneys for appellee.

## POINTS AND CITATIONS.

1. At common law no action could be brought against a city for negligence of officers. Hill v. Boston, 122 Mass., 344.

2. A county is not responsible for negligence of road overseers, unless expressly authorized by statute, and cities should be the same way. Downing v. Mason County, 87 Ky., 208; Hite v. Whitley Co. Court, 91 Ky., 168; Shepherd v. Pulaski County, 13 Ky. Law Rep., 672; Winbigler v. Los Angeles, 45 Cal., 36; Hoffman v. San Joaquin County, 21 Cal., 427; Cromwall v. Sonoma County, 25 Cal., 313.

3. Section 3643 of Kentucky Statutes does not expressly make city liable, nor can the same be implied.

4. The petition states conclusions and not facts. If allegations had been made as to the true condition of step, the city would not be liable. Bierman v. St. Louis, 120 Mass., 457; Miller v. St. Paul, 38 Minn., 134; Tabor v. St. Paul, 36 Minn., 188; Witham v. Portland, 72 Me., 539.

5. If the step was a defect, appellant had knowledge of same and voluntarily went over it and thus was guilty of contributory negligence, and can not recover. 2 Dillon on Municipal Corporations, 1007; Schæfler v. Sandusky, 33 Ohio St., 246; Durken v. Troy, 61 Barb., 437; Evans v. Utica, 69 N. Y., 166; Wilson v. Charleston, 8 Allen, 137; Belton v. Baxter, 54 N. Y., 245; Penn. Co. v. Rathget, 32 Ohio St., 66; Merrill v. Portland, 4 Cliff, C. C., 138.

6. When a danger is known, whoever voluntarily encounters it can not be regarded as exercising ordinary prudence, and therefore does so at his own risk. Same authorities as in No. 5; City of Henderson v. Burke, 19 Ky. Law Rep., 1781.

7. A city does not have to light its streets. 24 Am. & Eng. Ency. of Law, 93; Gaskin v. Atlanta, 73 Ga., 746; City of Freeport v. Isbell, 83 Ill., 442.

8. The city is not liable for injury resulting from defect in the construction of sidewalk on erroneous plan. Note to Aetna Life Insurance Co. v. Nexsen, 43 Am. Rep., 91; Lansing v. Toolan, 37 Mich., 152; 2 Dillon, Munic. Corp., 1007.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

Appellant was injured while traveling along the streets of the city of Flemingsburg, January, 1899. He fell, breaking a thumb, making its amputation necessary. The fall was caused, he alleges, by his stumbling on a step made in the pavement of the street he was walking. This step was four or five inches high. He sues the city, alleging that the step was not necessary, and was in itself dangerous to those passing over it. On the trial it developed as an undisputed fact that there was a slight grade in the street for some distance before the point where the step was made, and that the purpose of this step was two-fold: First, to level the grade to some extent; and, second, thereby to serve as a watershed, throwing the surface water of the street from the pavement. There was nothing to show that the step was out of repair, or unskillfully constructed. Some of appellant's witnesses testified, that, in their opinion, the step was dangerous; others, that it was not. But this was not because of any special manner of construction. It seems that some of the witnesses thought any step was necessarily dangerous to pedestrians at night. And this is doubtless true to some extent. The circuit court having at the close of plaintiff's evidence given a peremptory instruction in favor of the

city, we are brought to consider whether the building a
sidewalk with a step, which, from the nature of the grade,
the city government deemed necessary and proper, is of
itself such negligence as will warrant a recovery by one
injured in a fall caused by the step. The city, when it as-
sumes to construct sidewalks, engages to do so in a rea-
sonably safe manner, affording pedestrians reasonably
safe conditions of travel; they at the time using due cau-
tion. The rule is fairly stated in Dill. Mun. Corp., section
1019, as follows: "A municipal corporation is not an
insurer against accidents upon the streets and sidewalks.
Nor is every defect therein, though it may cause the in-
jury sued for, actionable. It is sufficient, we think, if the
streets (which include sidewalks and bridges thereon) are
in a reasonably safe condition for travel in the ordinary
modes, by night as well as by day." The same author lays
down the further rule that this implied liability of the
corporation is only on the ground of negligence. "The
liability is not that of a guarantor of the safety of the
traveler. The corporate authorities are only bound to use
reasonable skill and diligence in making the streets and
sidewalks safe and convenient for travel. It is under no
obligation to provide for everything that may happen upon
them, but only for such things as ordinarily exist, or such
as may be reasonably expected to occur." Section 1015.
It is argued for the city in this case that the plan of street
improvements is one within the discretion of the council,
and not to be interfered with by the courts. Some author-
ity is cited from other States supporting this contention.
But we rather incline to the view that, while the city gov-
erning body may exercise its discretion in the selection of
a plan of street improvement, if the plan adopted is one
palpably unsafe to travelers, the city would be liable. But

when the plan is one that many prudent men might approve; or where it would be so doubtful upon the facts whether the street as planned or ordered by the city governing board was dangerous or unsafe or not—that different minds might entertain different opinions with respect thereto—the benefit of the doubt should be given the city, and it should not be held liable. To this effect we find Gould v. City of Topeka, 32 Kan., 485, (4 Pac., 822); City of Madison v. Ross, 3 Ind., 236; Mayor, etc., v. Bailey, 2 Denio, 433. Nor is the city bound to maintain an even or perfect grade of its streets and pavements. Town of Gosport v. Evans, 112 Ind., 133, (13 N. E., 256). We are cited the case of Blyhl v. Village of Waterville, 57 Minn., 115, (58 N. W., 817), in support of appellant's claim. In that case the municipality had adopted a plan for constructing a plank walk, requiring a drop or step seven or eight inches high. The appellant was injured by stumbling over this step in the night-time. The court found that the step was unnecessary, and there was no reason for having it. This decision seems to be contrary to those of New York, Pennsylvania, Michigan, Indiana and Kansas; and, furthermore, in that case Judge Canty dissented, saying: "Unless it appears that the alleged defect is of ministerial origin, it must appear that there is such gross mistake in the adoption of the plan as would imply a failure to exercise the legislative judgment. If two reasonable minds might have adopted different plans, the legislative judgment can not be impeached for having adopted either one of those plans." In Dubois v. City of Kingston, 102 N. Y., 219, (6 N. E., 273), the plaintiff was injured by stumbling and falling over a stepping stone placed in one of the defendant's sidewalks. In denying his right of recovery, the court used this language: "It would be extending the rule

of the liability of municipal corporations far greater than has yet been done in any decided case to hold that they are liable for assenting to the placing of stepping stones on the edge of sidewalks in front of hotels, stores, public buildings and private residences. The courts have gone quite far in holding such corporations to a very strict responsibility in reference to accidents caused by the fail-ure of their officers to keep the streets and sidewalks in a proper and safe condition, but it would be adding to the corporate liability beyond reasonable limits to hold that stepping stones, which are almost a necessity in pro-viding for the interests, comfort, and convenience of the public in the maintenance of walks, avenues and streets, constituted a nuisance or obstruction, and that corpora-tions are liable for damages by reason of accidents caused thereby." It may frequently be, and we know it is some-times, necessary to break the angle of sidewalk grades by steps. The determination of the necessity and the plan should be left to the discretion of the governing or legislative body of the city, subject to control in cases of such manifest error or mistake as would indicate a fail-ure to consider or a purpose to misconstruct the work. The ruling of the lower court in giving the peremptory instruction being in accord with these views, the judg-ment is affirmed.