## Breckman v. City of Covington.

(Decided May 2, 1911.)

Appeal from Kenton Circuit Court.
(Crim. C. L. & E. Division.)

Municipalities—Dangerous Side-walks—Liability of City for Injury to One Falling Thereon When Wet—Held, under the testimony in this case, we cannot say that the walk in question was obviously dangerous. All such side-walks are more or less dangerous when wet, but that is not a condition which would render a city liable in damages to persons who fall thereon and injure themselves.

SHAW & WARE for appellant.

JOHN E. SHEPARD for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant, Sue J. Breckman, a lady fifty years of age, slipped and fell on a concrete side walk in the City of Covington at Third and Russell streets. She charged in her petition that the walk at the place she fell was not reasonably safe for travelers; that when within one and eight-tenths feet of some stone steps which lead into a grocery store, it then had and was so constructing, a slope of three and one-half inches, which rendered the place dangerous and unsafe for pedestrians. She alleged that while she was leaving the store she fell on this place breaking and mangling her ankle joint, permanently injuring her. There is no dispute as to her injuries. The evidence fully supported her pleading as to the slope in the walk. At the close of the testimony the court gave a peremptory instruction in favor of appellee, and it is the propriety of this action that this appeal appellee questions. The city passed an ordinance for the improvement of the sidewalk at this point with cement, and it was in the construction of it that this slope or incline was made in front of the steps as described by appellant in her petition. The contractor could have prevented this incline by lowering the steps and raising the pavement at the curbing, but he did not do either of these things and had to bring the cement up to the slope mentioned to meet the steps. The pavement was wet at the time appellant fell, as it had been raining, which rendered it more dangerous.

Appellee claimed that it was not liable to appellant for damages because the walk was originally constructed as it was at the time she received her fall and injuries. There is no claim that the walk was out of repair or that the city was negligent in maintaining it. It matters not that the pavement was placed in that condition by original construction; if the city adopted a plan for the improvement of that street which was obviously dangerous to travelers, and a person was injured thereon, the city would be liable. See the cases of Clay City v. Abner, 26 Ky. L. R., 603; Teager v. City of Flemingsburg, 22 Ky. L. R., 1442; 109 Ky., 746, and City of Louisville v. Norris, 111 Ky., 905. In the case last cited, the court said:

"If the plan adopted is palpably bad, it will not excuse the city from resulting damages to private property to show that the execution of the plan was skillful."

In the case of Carroll's Admr. v. City of Louisville, 117 Ky., 758, this court used this language:

"While it is the duty of the city to keep its streets in a reasonably safe condition for ordinary travel, a corresponding duty rests on those who legitimately use the streets to avoid being injured. The rule is admirably stated in Dillon on Municipal Corporations (section 1015) as follows: 'The liability is not that of guarantor of the safety of the traveler. The corporate authorities are only bound to use reasonable skill and diligence in making the streets and sidewalks safe and convenient for travel. It is under no obligation to provide for everything that may happen upon them, but only such things as ordinarily exist, or such as may be reasonably expected to occur.' "

In the case of Clay City v. Abner, supra, the court said:

"The town is not liable in damages for accidents that may occur on the highway, because the very best plan or even a better one in the view of the jury, was not adopted. A municipality is in no sense a guarantor of the safety of the traveler upon its highways. The corporate authority is only bound to use reasonable skill and diligence in making the streets and sidewalks safe and convenient for traveling."

Under the testimony in the case at bar, we cannot say that the walk was obviously dangerous. All such sidewalks are more or less dangerous when wet, but that is not a condition which would render a city liable in damages to persons who fall thereon and injure themselves.

After considering the evidence, the lower court arrived at the conclusion that it could not, as a matter of law, say that the plan of construction of the sidewalk was dangerous and unsafe, and we are not willing to disturb the finding.

For these reasons, the judgment of the lower court is affirmed.