## McCourt v. City of Covington.

(Decided May 4, 1911.)

Appeal from Kenton Circuit Court.

(C. C. L. & E. Division.)

Cities—Constructing Catch Basins—Coverings Therefor—Discretion of City—The material of which coverings for catch basins shall be made, such as street crossings, side-walks, etc., is a matter that is left in the sound discretion of the city authorities, and when they adopt a plan for the construction of catch basins and the coverings thereof, which is not inherently dangerous, and maintain them in a reasonably safe condition they have discharged their duty to the traveling public.

W.M. A. BYRNE for appellant

JOHN M. SHEPARD for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Appellant was injured by slipping and falling on an iron cover to a catch basin which was built in the side walk on Pike street in the City of Covington. She charged that the city was negligent in constructing and maintaining the sidewalk, and that by reason of such negligence she was injured. The city denied liability, the case proceeded to trial, and at the conclusion of plaintiff's evidence a peremptory instruction was given for the city. Plaintiff appeals.

It is not charged that the catch basin was out of repair, but that it should not have been built in the sidewalk, or, if built there, that it should have been covered with some substance or material not so smooth or slick as the iron covering. It is shown in the proof, that if the covering had been made of wood, or if the iron had been corrugated or roughened on its surface, the likelihood of one's slipping thereon would have been materially lessened.

The city has exclusive control in the construction of its streets, sidewalks, sewers, catch basins, etc., and hence may determine how the sewers shall be run and where the catch basins shall be located, and no ground of complaint is afforded because the sewers are so run as to require the catch basins to be located in the sidewalk, unless the plan adopted for their construction is inherently dangerous, or, after being constructed, they are suffered or permitted to become and remain out of repair. There is testimony to the effect that one is more apt to slip when walking over the covering of a catch basin which is made of smooth iron than he would be if it were made of wood or iron, the surface of which had been corrugated. But this is not enough, for, as held in Carroll's Admr. v. City of Louisville, 117 Ky., 763, and Clay City v. Abner, 26 Rep., 602, the material of which these coverings for catch basins shall be made, like the construction of street crossings, sidewalks, etc., is a matter that is left to the sound discretion of the city authorities, and when they adopt a plan for the construction of catch basins and the coverings thereof, which is not inherently dangerous, and maintain them in a reasonably safe condition for travel, they have discharged their duty to the traveling public.

Appellant's complaint really amounts to this, that the city is liable because it did not adopt a covering for the catch basin as safe as could be made and keep and maintain it in this condition. Such is not the law, on the contrary, the city is only required to use reasonable care to construct its public ways so as to make them reasonably safe for travel. The selection of the material, like the plan for the improvement, is wisely left to the city authorities. The material used for the covering on the catch basin in question is shown to be substantial and firmly kept in place; that its edges did

not rise above the level of the street, and that it had been there for many years. The only complaint made of it is that its surface is smooth. The trial court was of opinion that this afforded plaintiff no actionable ground of complaint, and in this opinion we concur.

There are other errors complained of, but as, for the reasons indicated, plaintiff failed to make out a case, it becomes unnecessary to pass upon them.

Judgment affirmed.