## City of Oakdale v. Sanders' Executrix.

(Decided December 2, 1913).

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

Municipal Corporations—Negligence—Instructions.—In an action for damages growing out of the dangerous condition of the street,

the important question is whether the city was negligent in permitting the street to become and remain in a dangerous condition; and the instruction given covered this phase of the case, as explained in the opinion.

J. L. RICHARDSON, H. O. WILLIAMS for appellant.

W. S. SANFORD, CHAPEZE & CRAWFORD for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE NUNN —Overruling.

This case is reported in 155 Ky., 352, and is for recovery of damages growing out of the dangerous condition of the street. Among the numerous reasons urged by the city of Oakdale for a reversal was that since it had never undertaken to repair, or construct this turnpike road it was thereby relieved of responsibility for it. Another reason urged was the analogy between the facts of this case, and those arising from injuries to pedestrians on sidewalks. In the opinion we explained that the fact that the city had never undertaken to repair the street would not relieve it of responsibility, and that the cases cited by the city to support this contention were all for injuries to property caused by flood water and improper drainage.

In the enumeration of these cases, by mistake two of them, namely: Teager v. Flemingsburg, 109 Ky., 746, and Breckman v. Covington, 143 Ky., 444, were cited. They are sidewalk cases, and should have been cited in that part of the opinion where we considered the application of cases involving injuries to pedestrians on sidewalks.

All of these cases were relied on by the city, and in reaching our conclusions we gave them due consideration, but in writing the opinion the two cases named above were by mistake referred to under the wrong proposition.

Appellant is in error in contending that the important question is whether the plan of the stepping-stone crossing here constructed, was manifestly dangerous, and that it was entitled to an instruction submitting this question to the jury. The important question is whether the city was negligent in permitting the street to become and remain in a dangerous condition; and the instruction given covered this phase of the case, as explained in the opinion.

The petition for rehearing is overruled.