## City of Pikeville v. Williams.

(Decided February 12, 1926.)

### Appeal from Pike Circuit Court.

1. Municipal Corporations—Construction of Sidewalk Must be Dangerous to Create Liability for Injuries.—To recover for personal injuries sustained when plaintiff fell on stepping from sidewalk to alley, level of which was one foot below that of sidewalk, it must be shown that construction of sidewalk was dangerous.

2. Municipal Corporations—City Not Insurer of Pedestrian's Safety. —City is not liable as a guarantor or a surety for the safety of a "pedestrian," but is only bound to use reasonable care in making streets and sidewalks safe and convenient for travel.

3. Municipal Corporations—Construction of Sidewalk Not Basis for Action for Injuries, Unless Plan Obviously Dangerous.—A sidewalk, constructed according to plan adopted by municipality, may not become basis for damage action for personal injuries sustained thereon, unless the plan adopted was one so palpably or obviously dangerous as to impress upon mind of reasonably prudent person that it was unsafe.

4. Municipal Corporations—Step of One Foot from Sidewalk to Alley Not Obviously Dangerous.—A step of one foot from the level of a sidewalk to the level of an alley is not so palpably or obviously unsafe and dangerous as to impress upon the mind of a reasonably prudent man that sidewalk, as constructed, was unsafe.

5. **Evidence—Common Knowledge that Accident Rarely Occurs Because of One Foot Difference Between Level of Sidewalk and Alley.** —It is a matter of common knowledge that an accident rarely occurs because of a difference of one foot between level of sidewalk and level of alley.

6. **Municipal Corporations—Burden on Pedestrian to Show Construction of Sidewalk was Obviously Dangerous.**—In action for personal injuries sustained on making step from level of sidewalk to level of alley, burden was upon plaintiff to show city's method of construction of sidewalk at level of one foot above that of alley was palpably or obviously dangerous or unsafe.

7. **Municipal Corporations—Peremptory Instruction Required for Failure to Prove Construction of Sidewalk was Obviously Dangerous.**—In action for personal injuries, sustained by plaintiff from fall when making step from level of sidewalk to level of alley, a peremptory instruction for city should have been given, where plaintiff did not prove that step construction of sidewalk was palpably or obviously dangerous and unsafe.

ALEX. L. RATLIFF, P. B. STRATTON and MOORE & CHILDERS for appellant.

ROSCOE VANOVER and WILLIS STATON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

About two o'clock in the afternoon of one day in July, 1923, the appellee was walking along Second street in Pikeville, Kentucky. Between the Pike Hotel and the Weddington Theatre the sidewalk along Second street crosses an alley which at that time was unmade. The level of the sidewalk was about a foot above that of the alley. In stepping from the sidewalk into the alley the appellee fell, breaking her thigh and receiving other injuries of a severe nature. Appellee admits that she knew the alley was there and that it was necessary in order to cross the alley for her to make a step down, but says that she did not know or realize that it was such a high step, and that she was thinking about some other matter at the time she did step from the sidewalk. She claims that she was caused to fall by reason of the height of the sidewalk above the surface of the alley. There is no material dispute in the evidence concerning any of the foregoing facts except possibly those concerning the extent of apellee's injuries. She brought this suit against the appellant to recover damages for the injuries she thus received, and on the trial the jury awarded her a

verdict of $1,000.00. From the judgment entered on that verdict the appellant brings this appeal.

This is not a case of where a sidewalk properly constructed has by reason of wear or injury become defective or unsafe. If appellee has a cause of action, it must be because the method of construction of the sidewalk was dangerous. This being true, the case is governed by that line of cases illustrated by Teager v. City of Flemingsburg, 109 Ky. 746, 60 S. W. 718; Carroll's Admr. v. City of Louisville, 117 Ky. 758, 78 S. W. 1117; Clay City v. Abner, 82 S. W. 276; McCourt v. City of Covington, 143 Ky. 484, 136 S. W. 910, and Tudor v. City of Louisville, 172 Ky. 429, 189 S. W. 456. It is well settled that the liability of the city is not that of a guarantor or insurer of the safety of the pedestrian. The city is only bound to use reasonable care in making the streets and sidewalks safe and convenient for travel. It is under no obligation to provide for everything that may happen upon them, but only for such things as ordinarily exist or such as may be reasonably expected to occur. The rule applicable to the state of case here present is well set out in the Teager case, *supra,* thus:

> "It is argued for the city in this case that the plan of street improvements is one within the discretion of the council, and not to be interfered with by the courts. Some authority is cited from other states supporting this contention. But we rather incline to the view that, while the city governing body may exercise its discretion in the selection of a plan of street improvement, if the plan adopted is one palpably unsafe to travelers, the city would be liable. But when the plan is one that many prudent men might approve, or where it would be so doubtful upon the facts whether the street as planned or ordered by the city governing board was dangerous or unsafe or not—that different minds might entertain different opinions with respect thereto—the benefit of the doubt should be given the city, and it should not be held liable."

This Teager case was a "step case."

In Gower v. City of Madisonville, 182 Ky. 89, 206 S. W. 27, the rule is thus expressed:

> "A sidewalk constructed according to a plan adopted by the municipality, and which by its legis-

lative body was considered reasonably safe, may not become the basis for an action for damages on account of personal injuries received by pedestrians slipping and falling thereon, unless, after the walk was completed in accordance with the plan adopted, it was so obviously or palpably dangerous as to impress the mind of a reasonably prudent person as unsafe."

In this Gower case there was a descent in the sidewalk of seven inches in four feet to the street level. Applying this rule to the facts before us and remembering that corporate authorities of the city of Pikeville had a broad discretion in the plan to be adopted for the construction of this sidewalk, we cannot say that a step of one foot from the level of the sidewalk to the level of the alley is so palpably or obviously unsafe and dangerous as to impress the mind of a reasonably prudent man that the sidewalk as constructed was unsafe. In almost every municipality in the state there are many sidewalks, the level of which is a foot above that of the streets or alleys along which they run. Such sidewalks are in daily use by thousands of pedestrians. It is a matter of common knowledge that it is exceedingly rare than any accident like the one herein complained of occurs because of such difference in those levels. At all events it devolved upon the apellee to show that the method of construction here involved was palpably or obviously dangerous or unsafe, and this she did not even undertake to do. It results, therefore, that under the rule as above stated the city was not liable for the unfortunate accident appellee sustained and the court should have peremptorily instructed the jury to find for the appellant as it requested. For its failure so to do its judgment must be reversed, with instructions to grant the appellant a new trial in conformity to this opinion.