## City of Providence v. Hunter.

(Decided October 15, 1929.)

RAYBURN & WITHERS for appellant.

VERT C. FRASER for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The city of Providence is of the fourth class. It maintains streets and sidewalks. The city council by ordinance directed the construction of a sidewalk on the east side of North Broadway, leading north from Main street. A part of this sidewalk had been constructed of concrete, and it was deemed unnecessary to take up that part of the sidewalk. A part of it had been constructed of brick, and the brick was taken up and that part of the sidewalk was reconstructed of concrete. That part of the sidewalk which was left had been constructed on a different grade from the new part, and, where the two parts of the sidewalk came together, there was a fault

or step about eight inches high. Going from the new part of the sidewalk to the old part it was necessary to step up about eight inches, while in going from the old part to the new part it was necessary to step down. The appellee, Mrs. Will Hunter, drove into Providence with her husband between 7 and 8 o'clock, September, 1927. She alighted from the automobile, and passed on to the old part of the sidewalk and walked towards the new part, and, when she came to the "step-down," she fell by reason of it, and was severely injured. She instituted suit against the city for $2,550, and the trial resulted in her obtaining a judgment for $250. The city moved for a new trial, as did the appellee, both motions being overruled. The city has brought the record here, and asked for an appeal; while appellee has taken a cross-appeal.

The first ground urged for reversal by appellant is that the demurrer to the petition should have been sustained. It relies on the cases of Teager v. Flemingsburg, 109 Ky. 746, 60 S. W. 718, 719, 22 Ky. Law Rep. 1442, 53 L. R. A. 791, 95 Am. St. Rep. 400; Town of Elsmere v. Tanner, 158 Ky. 681, 166 S. W. 220, 221; City of Pikeville v. Williams, 213 Ky. 52, 280 S. W. 467. We do not find any support for the contention of appellant in these cases. The allegation in the petition in this case shows what has been stated above, and that is an allegation that the sidewalk was dangerous because of the method of construction. It is not a case where a sidewalk had been properly constructed, and, by reason of something that had happened to it thereafter, it had become defective or unsafe. It is true that the liability of a city is not that of a guarantor or insurer of the safey of a pedestrian. The city is only bound to use reasonable care in making the streets and sidewalks safe and convenient for the traveling public. It is under no obligation to provide against every contingency, but only against such things as may be reasonably expected to occur.

In the Teager case it was said: "It is argued for the city in this case that the plan of street improvements is one within the discretion of the council, and not to be interfered with by the courts. Some authority is cited from other states supporting this contention. But we rather incline to the view that, while the city governing body may exercise its discretion in the selection of a plan of street improvement, if the plan adopted is one palpably unsafe for travelers, the city would be liable. But when the plan is one that many prudent men might ap-

prove; or where it would be so doubtful upon the facts whether the street as planned or ordered by the city governing board was dangerous or unsafe or not—that different minds might entertain different opinions with respect thereto—the benefit of the doubt should be given the city, and it should not be held liable.''

The city of Providence in constructing a sidewalk left this step-off from one part of the sidewalk to another in the middle of the business block of the city. There is nothing in this record to show any reason, other than a matter of convenience, for the leaving of a sidewalk in that condition. The establishment of these facts by the appellee was sufficient to take the case to the jury. The proven facts show that the condition of the sidewalk was palpably and obviously dangerous.

The next point made by appellant is that appellee was guilty of contributory negligence. This contention is without any ground to support it. She was not guilty of contributory negligence, unless it should be shown that she knew of the defect in the sidewalk and deliberately walked over it without taking proper precaution for her own safety. It is the general rule that a pedestrian has a right to the free us of any portion of the sidewalk which is open for public use, and he has a right to assume that it is free from obstruction and in a reasonably safe condition for travel. While passing along the sidewalk, he is not guilty of contributory negligence if his attention is distracted so that he fails to observe an obstruction placed upon the sidewalk where he has no right to expect it. The question, however, as to whether a pedestrian was proceeding with proper care for his own safety is usually a question for the jury. City of Ashland v. Boggs, 161 Ky. 728, 171 S. W. 461, Ann. Cas. 1916B, 1005.

Appellee complains that incompetent evidence was introduced and admitted by the court over her objection relating to her alleged contributory negligence. In that contention she is obviously correct. Witnesses were allowed to testify that there was no danger in passing along that particular sidewalk if a person was looking where he was going. This evidence should have been excluded. Witnesses may give the facts, and the jury must determine whether the party was guilty of negligence. Witnesses should not be allowed to give their opinion about whether a person was negligent under such circumstances.

76

Both parties attack instruction No. 1. Appellant contends that it was erroneous because it left to the jury the question of whether the plan adopted by the city for the construction of the sidewalk was reasonably prudent and safe. That question was properly submitted to the jury. The fact that the city council determined that it was prudent and safe did not conclude the matter. The objection made by counsel for appellee has more reason to support it. The instruction was more favorable to the city of Providence than it should have been. The court by the instruction imposed upon the city the duty in constructing the sidewalk to plan and construct same in a reasonably prudent and safe manner, and that was correct as far as it went.

The instruction should have been substantially in these words: "It was the duty of the defendant in adopting a plan for the construction of, and in constructing, the sidewalk mentioned in the evidence, to plan and construct same in a reasonably prudent and safe manner for the use of pedestrians and if you shall believe from the evidence that the defendant failed to observe such duty and constructed said sidewalk in such a manner as to render it not reasonably safe for pedestrians using it with reasonable care for their own safety, and that as direct and proximate result of such failure on the part of the city the plaintiff was caused to, and did, fall on said sidewalk receiving the injuries mentioned in the evidence, the law is for the plaintiff and you should so find, unless you should believe from the evidence that at the time the plaintiff did so fall she was negligent and that her own negligence helped to cause or bring about the injury of which she complains, and but for which it would not have occurred, in the manner set out in instruction No. 2."

For the errors indicated, the judgment is reversed on the cross-appeal, and the cause remanded for proceedings consistent with this opinion.