No. 31,694

EDITH CATES, *Appellee*, v. THE CITY OF INDEPENDENCE, *Appellant.*

(33 P. 2d 161.)

Opin-
ion filed June 9, 1934.

*Chester Stevens* and *Theo F. Varner,* both of Independence, for the appellant.

*Thomas E. Wagstaff, Jay W. Scovel* and *Robert W. Wagstaff,* all of Independence, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages for an injury sustained by falling on a street covered with ice. Defendant demurred to the petition. The demurrer was overruled, and defendant appeals.

The petition alleged a snowfall and that the snow partially melted and formed water, which, in the evening, "froze and became ice" causing the intersection to become very dangerous to pedestrians who used the street. The petition alleged further that this condition was known to defendant. The petition further alleged that about thirty minutes before the injury to plaintiff some employee of defendant city, acting under the orders of the street foreman of the city, covered the street at the place in question with sawdust. The petition then alleged that the sawdust so covered the street that its slippery condition was hidden from plaintiff. The petition then alleged that this rendered the walk more dangerous and that the defendant knew, or with due diligence should have known, that such would be the case.

A motion of defendant to compel the plaintiff to make her petition more definite and certain and to strike was overruled. A demurrer to the petition was then filed on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled. Defendant appeals from the order overruling the

motion to compel plaintiff to make the petition more definite and certain and from the judgment overruling the demurrer.

The argument of defendant is stated in its brief as follows:

"1. That when the proper city officials have knowledge of an accumulation of ice and snow upon a sidewalk, which is dangerous and hazardous to pedestrians, it is the duty of the city to take such remedial steps as are within its power to safeguard pedestrians.

"2. Spreading sawdust upon snow and ice accumulated upon a crosswalk is a proper remedial measure, as a matter of law, and is not an act of negligence on the part of the city.

"3. A municipality owes less care to a pedestrian upon a crosswalk than upon a sidewalk."

Defendant relies on the decision of this court in the case of *Speakman v. Dodge City*, 137 Kan. 823, 22 P. 2d 485. That was a case where the plaintiff stumbled over some snow and ice that had been permitted to become and remain "roughened, ridged and uneven." The record was not satisfactory as to what notice the city had of the condition and how much opportunity had been afforded the city to remedy the condition. This court held against liability on the part of the city. The first paragraph of the syllabus is as follows:

"A city is not liable for injuries resulting solely from falls on smooth ice and snow, but is liable where ice and snow have been allowed to accumulate and remain and become ridged, rutted and uneven, due regard being given to whether the city has sufficient notice and opportunity to remedy the situation by removal or other effective remedy, and in connection therewith consideration should also be given to weather conditions and to the well-recognized sudden changes in meteorological conditions which frequently occur in this state."

Appellant argues from this rule that it had notice of the condition of the walk and did take steps to remedy the situation by an effective remedy, that is, by covering the ice with sawdust.

Many authorities are cited by defendant to bear out this contention. An examination of them, however, will show that "ashes, salt and sand" were used in one case or "sawdust and ashes" in another or "sand" in still another.

A paragraph in the brief of defendant states the position of defendant. It is as follows:

"It is the contention of this appellant that as a matter of law the municipality was under a legal duty to remedy the dangerous condition which it knew existed. The remedy could take the form of removal of the snow and ice, if that were practicable. If, however, the removal was impracticable, then the appellant would be, and was, justified in coating the surface of the

accumulation with sawdust. Since this duty was obligatory upon the city, the exercise of the duty could not be construed as an act of negligence."

The trouble with that argument is that the petition alleges that the placing of the sawdust on the street at the point in question rendered the street more dangerous rather than remedying the situation. This is alleged in the petition as a matter of fact. To sustain the argument of defendant would be to hold in the face of such an allegation that the placing of sawdust on the ice really remedied the dangerous condition of the street as a matter of law.

It has been held many times that the question of whether a city has used due care and diligence in remedying a slippery condition is a question for the jury. See *Minton v. City of Syracuse*, 172 App. Div. 39, 158 N. Y. S. 470; also, *Gower v. City of Madisonville*, 182 Ky. 89, 206 S. W. 27. There are many authorities from which quotations might be made in this opinion. The situation is one, however, where a rule announced many times by this court is applicable. The question of whether certain proved or admitted facts constitute actionable negligence is subject to different conclusions and is one for the jury. See *K. P. Rly. Co. v. Pointer*, 14 Kan. 37. There this court said:

"This question of negligence is said to be a mixed question of law and fact. When the facts are disputed, it makes a question for the jury; when the facts are undisputed, and but one deduction is to be drawn from them, there is simply a question of law for the court; but where the facts, though undisputed, are such that, when taken singly or in combination, different minds will come to different conclusions as to the reasonableness and care of the party's conduct, the question is one which may properly be left to the determination of the jury." (p. 53.)

See, also, *City of Chanute v. Higgins*, 65 Kan. 680, 70 Pac. 638; *Kemp v. Railway Co.*, 91 Kan. 477, 138 Pac. 621; *Wade v. Electric Co.*, 98 Kan. 366, 371; *Lilly v. Wichita Railroad & Light Co.*, 127 Kan. 527, 274 Pac. 205.

The question of whether the placing of sawdust on the place where the ice had made the street slippery and dangerous constituted negligence, as pleaded in the petition, or whether, as argued by defendant, it was an effective remedy, is one of fact for the jury and cannot be raised on a demurrer to the petition.

Appellant makes a point that this accident occurred at a place where the pedestrian traffic crosses the street and argues that the city owes less care to a pedestrian upon such a place than upon a

sidewalk. Without deciding this question, it may be said that there is sufficient negligence pleaded in the petition here to make the city liable for an injury occurring on a crosswalk.

As to error that is predicated upon the refusal of the court to strike certain allegations from the petition, we hold that such an order is not an appealable one, since it does not determine the rights of any party to the action. (See *Whitlaw v. Insurance Co.*, 86 Kan. 826, 122 Pac. 1039; also, *Redfield v. Chelsea Coal Co.*, 138 Kan. 373, 26 P. 2d 579.)

The judgment of the trial court is affirmed.

HARVEY, J. (dissenting): I think it clear from the allegations of the petition, the former decisions of this court, and the general rule of law elsewhere, that had the city not spread sawdust on the pavement over the crosswalk at the intersection there would have been no liability on the city for injuries sustained by plaintiff in the fall. The opinion of the court, in my judgment, has the effect of penalizing the city for its effort to improve the situation by placing sawdust at the crosswalk. I think it should be held, as a matter of law, that the city should not be so penalized.