## Otte, et al. v. Guilford, et al.

(Decided May 12, 1925.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. Municipal Corporations—Boy of Nine Years Held Not Guilty of Contributory Negligence as Matter of Law.—Evidence held, in view of Ordinance of Louisville, section 56, permitting pedestrians to cross streets between intersections, not to show boy of nine years guilty of contributory negligence as matter of law in crossing street behind street cars between intersections, where he collided with automobile truck being driven on left side of street.

2. Trial—Failure to Instruct on Contributory Negligence in Absence

of Request Held Without Error.—In personal injury suit, result-
ing from automobile truck colliding with pedestrian, failure to
instruct on contributory negligence was not error in absence of
request therefor.

3.  Trial—Litigants in Civil Cases Must Ask Such Instructions as
they Deem Proper.—It is not incumbent on court in civil cases
to give to jury whole law of case, but litigants must ask such
instructions as they deem proper.

4.  Municipal Corporations—Driver Operating Automobile Truck on
Left Side of Street Assumed Responsiblity for Injury to Pedestrian
Exercising Ordinary Care.—Driver operating automobile truck
on left side of street, where under facts he had no right to be,
assumed responsibility for injury to pedestrian crossing street
between intersections and exercising ordinary care.

DOOLAN & DOOLAN and CLEM W. HUGGINS for appellants.

R. RUTHENBURG for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirm-
ing.

Charles Guilford was nine years old at the time he
was struck on Baxter avenue, in Louisville, by a truck
of Otte & Kennedy, and his leg broken in two places.
The accident happened near the intersection of Payne
street with Baxter avenue. The street railway has a
double track along Baxter avenue at that place. Near
the intersection of Payne repairs were being made on
Baxter avenue. This necessitated a one-way track at
that point and the street car company had laid a detour
track from the east to the west track so that cars could
cross. This detour was higher than the balance of the
track, it being laid over the top of the other steel. The
street cars were required to wait at the detour to allow
other cars to pass on the other track before crossing. Two
cars about 42 feet long were waiting near the detour; the
north end of the most northern car was near the south
side of Payne street; the other car was further south;
they were three or four feet apart. Appellee, Charles
Guilford, lived on Baxter Avenue in about the fifth house
from the corner of Payne; he had been playing ball with
another boy on a back street when his mother called him
and sent him across Baxter avenue to a bakery, with in-
structions to get certain provisions and then to cross
Baxter avenue to the east side to a grocery store and
there get certain other articles and bring them home. He
went to the bakery on the west side of Baxter avenue, ob-

tained his purchases and started directly across Baxter avenue towards the grocery store. His path led him near the rear end of the most southern street car standing on the track. As he emerged on the east side of the street car he was struck by the truck of appellants as it passed south on Baxter avenue, and the injuries of which he now complains were then inflicted.

The record shows that Kennedy, a member of the appellant firm of Otte & Kennedy, was driving the truck. It came west on Payne street to Baxter avenue at the point where the detour tracks of the street railway were installed and in use. Observing the detour rails the driver of the truck decided not to cross to the west side of Baxter, which was the proper side for a vehicle going south, and turned south on Baxter along the east or left side of the avenue next to the standing street car. He says he was going about six miles per hour and that the boy, plaintiff in this action, ran out from behind the standing street car and into the rear fender of his Ford truck, and thus caused the injury.

It is first insisted by appellants that the court should have sustained their motion for a peremptory instruction in their favor; second, that the court erred in failing to give an instruction upon contributory negligence; and third, the appellee was guilty of contributory negligence, both in respect to the manner of crossing Baxter avenue and as to the place of crossing.

The evidence shows without contradiction that Charles came out of the bakery and carefully looked up and down Baxter avenue to see if there were any approaching vehicles, and seeing none within a block he started directly across the street to the grocery. According to an ordinance of Louisville, made a part of the record in this case, the boy had a right to cross the street at that point, provided he exercised care to avoid collisions and to avoid interference with vehicles and traffic; and it is further provided "they must cross all streets at right angles to the direction of roadway, either at, or between, intersections, at such places as persons are not forbidden to cross between intersections." Section 56 of the ordinance of city of Louisville.

As the boy had a right to cross the street at that point and in the way and manner he attempted, he was not guilty of such contributory negligence as would have warranted the trial court in peremptorily instructing the jury to find and return a verdict for appellants. The

evidence shows that Charles was unusually careful and that he exercised care and discretion much greater than those of his years generally employ.

2.    Appellants urge the failure of the trial court to give an instruction upon the law of contributory negligence as unanswerable argument for a reversal of the judgment.   The court gave an instruction telling the jury that if Charles passed from behind a standing street car into the path of appellants' car and so near thereto that it was impossible to avoid striking him by the exercise of ordinary care, to find for appellants.   No instruction upon the subject of contributory negligence was asked by appellants.   The court was not, therefore, bound to give an instruction upon the law of contributory negligence. This rule is well established.   We have often said that where the instructions given by the court are correct so far as they go, a party cannot complain that other instructions should have been given, if he failed to ask them at the trial.   It is not incumbent upon the court in civil cases to give to the jury the whole law of the case, but it is incumbent upon litigants to ask such instructions as they deem proper.   C. N. O. & T. P. Ry. Co. v. Martin, 146 Ky. 260; C. N. O. & T. P. Ry. v. Curd, 22 Ky. Law Rep. 1222; L. & N. R. R. Co. v. Harrod, 115 Ky. 877; L. H. & St. L. R. Co. v. Roberts, 144 Ky. 820; Chas. Taylor Sons & Co. v. Hunt, 163 Ky. 120; Wood v. Rigg, 152 Ky. 242; Branham's Admr. v. Buckley, 158 Ky. 848; L. & N. R. R. Co. v. Stephens, 188 Ky. 1.   This ground for reversal of the judgment must, therefore, be held insufficient.

3.    The third ground of complaint of appellant is likewise without merit as we have already seen from the statement of the facts.   Appellant Kennedy was on the wrong side of the street.   He had no right to drive on the left side of Baxter avenue unless, as stated in the instructions of the court, he could not with reasonable safety cross the detour at Payne street to the west side of Baxter avenue.   The evidence shows beyond question that hundreds of automobiles such as the one in which appellant was driving, crossed the detour each day, and from this it is quite apparent that appellant Kennedy could have crossed the detour with his car had he taken the precaution to do so.   When he decided to drive down the left side of the street, a place he had no right to be, under the facts of this case, he assumed all responsibility for injury to others occasioned by the truck, incurred

while the victim was exercising ordinary care for his own safety upon the street. As it was impossible for Charles as he came out of the bakery to have seen the truck of appellant at the corner of Payne street and Baxter avenue, or at any time after it left that point until it struck him, and as the evidence tends to show that no signals were given by the truck, and that it was making no noise as it approached the point where it struck and injured Charles, and, moreover, was traveling at a rapid rate of speed as it passed the cars, we are of opinion that it would have been gross error on the part of the trial court to have ruled Charles was guilty of such contributory negligence as barred his recovery. No doubt the trial court would have given an instruction upon the law of contributory negligence had it been asked, but it was not asked.

The record discloses no error prejudicial to the substantial rights of appellants.

Judgment affirmed.