## Saunders' Executors v. Armour & Company, et al.

(Decided June 24, 1927).

### Appeal from Fayette Circuit Court.

1. Appeal and Error.—A party to a suit may not ask the court to give an instruction and thereby invite error and make complaint on appeal of the error so invited.

2. Appeal and Error.—Where plaintiff, in action arising out of automobile striking pedestrian, requested instruction which was in substance the same as instruction given by court, requiring defendant to operate car at reasonable rate of speed without requiring that speed should not exceed 15 miles an hour under Ky. Stats., section 2739g-51, he is precluded from complaining of such instruction on appeal.

3. Master and Servant.—Where rule of employer required that employees should not use its automobiles except on business of company, it was proper, in action against company as a result of its

automobile driven by employee striking pedestrian, to show such instructions either by written or by oral evidence, and introduction of written instructions sent out from time to time by company forbidding such use of its automobiles was competent.

4. Master and Servant.—Where it is sought to hold one responsible in damages for what another person has done, party seeking to recover must establish relation of master and servant or principal and agent.

5. Master and Servant.—Where employer denied that at time of accident employee driving employer's car was acting within scope or apparent scope of his authority, burden was on plaintiff seeking to recover against employer to establish that employee at such time was acting within authority.

6. Master and Servant.—Where employee drove employer's automobile against pedestrian, injuring him, evidence in action against employer relative to whether employee was acting within scope of employment held to justify directed verdict for employer.

MAURY KEMPER and W. E. DARRAGH for appellants.

WALLACE MUIR and W. W. MEEKS for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

J. W. Saunders boarded a street car on East Main street in Lexington on the morning of October 22, 1924. He requested the conductor to stop the car east of the intersection of East Main street with Rose street so that he might get off and go across the street and return to the car befor it started. This the conductor agreed to do. The car was stopped before it reached the intersection of Rose and Main streets, and Saunders got off the car and went around in front of it, when he was struck by a Ford runabout automobile driven by the appellee F. A. Berkley. The automobile belonging to Armour & Co., and that company was made a defendant in the suit to recover damages. Berkley was an employee of Armour as branch house manager at the time of the accident, having full charge and control of its plant in the city of Lexington. At the conclusion of the evidence offered by the appellees, the court gave a peremptory instruction to the jury to find for Armour & Co. The case went to the jury as to the appellee Berkley, and a verdict was returned in his favor.

The complaint made by appellants is directed toward the instructions given by the court in the first place, and in the second place to the verdict of the jury on the ground that it was flagrantly against the evidence.

The chief complaint made by appellants is about the first instruction given by the court. That instruction required the appellee to operate the car at a reasonable rate of speed, having a due regard for the traffic and use of the highway at the time. It is the contention of appellants that the court should have instructed the jury that it was the duty of the defendant to run his car at a rate of speed not to exceed 15 miles an hour. Section 2739g-51, Ky. Stats., prohibits the operator of a vehicle on a public highway from driving such vehicle at a greater speed than is reasonable and proper having regard for the traffic and the use of the highway, but there is a further provision in that section relating to highways passing through the closely built-up public portions of a city or town which limits the rate of speed of passenger automobiles thereon to not exceeding 15 miles an hour, and, if the rate of speed is greater than 15 miles an hour, it is prima facie evidence of unreasonable and improper driving. If it is prima facie evidence of an unreasonable speed to show that a passenger automobile was driven at a greater rate of speed than 15 miles an hour, the burden then shifts to the operator of the automobile to show that such a rate of speed was not unreasonable and improper, taking into consideration the traffic and use of the highway. If this be true, the instructions of the court in such a case should take care of the question. Appellants rely on the case of Hornek Bros. v. Strubel, 212 Ky. 631, 279 S. W. 1087. That opinion clearly states the law governing such cases.

A party to a suit may not ask the court to give an instruction and thereby invite error and make complaint of the error so invited thereafter. Appellants moved the court to give an instruction which is in substance the same as the first instruction given by the court. We find this language in the instruction offered by appellants:

> "It was his further duty to operate said car at a rate of speed which, under the circumstances, and conditions at the place of the accident complained of was reasonable and proper."

The court, on the question of speed of the car, gave substantially the instruction asked for by appellants. Nowhere did appellants ask for an instruction such as they now insist should have been given. They are precluded from complaining about it now. Corlew's Adm'r v. Young, 216 Ky. 237, 287 S. W. 706; Otte et al. v. Guil-

ford et al., 209 Ky. 33, 272 S. W. 41; L. & N. R. R. Co. v. Smith's Adm'r, 203 Ky. 513, 263 S. W. 29, 35 A. L. R. 1238.

It is further urged that the court was in error in giving an instruction on contributory negligence. Without stating the facts, we express the opinion that the facts in the record justified the giving of such an instruction. What has been said about the first instruction given by the court is also applicable, as the appellants include in the first instruction offered by them an instruction on contributory negligence. The appellants could not, in the lower court, offer an instruction on contributory negligence, thereby inviting the lower court to give it, and then complain here because he complied with their request.

Complaint is made because the court instructed the jury to return a verdict for the appellee Armour & Co. Evidently this instruction was based upon the evidence showing that at the time of the accident the appellee Berkley was not acting within the course of his employment nor engaged in the business of his employer. Berkley was the general manager of Armour & Co.'s plant in Lexington, and had general charge and supervision of its business in that section of Kentucky. He had been acting in that capacity for a number of years. He used the automobiles of the company visiting other plants within his territory and looking after the business of his employer. At times he used an automobile of the company in going to his home at night and returning in the morning. On the night preceding the accident he went to his home in an automobile of the company, and the next morning he was taking his son to school in the automobile, with the intention of going from the school to his place of business. The appellee Armour & Co. introduced a number of witnesses who testified that it was against the rules of the company for any of its employees to use the automobiles belonging to the company except upon the business of the company. Written instructions were sent out from time to time by Armour & Co., forbidding the use of its automobiles by its employees for the personal use or pleasure of the employees. It is insisted that this evidence was not competent, but we think it was. If it was the rule of the company that the employees should not use its automobiles except on busi-

ness of the company, it was proper to show such instructions either by written or by oral evidence.

A party is responsible only for the acts of another when the relation of principal and agent or master and servant exists. Where it is sought to hold one responsible in damages for what another person has done, the party seeking to recover must establish the relation of master and servant or principal and agent, if it is denied. The burden was on appellants to establish that Berkley at the time of the accident was the agent or servant of Armour & Co., and that at the time of the accident he was acting within the scope or apparent scope of his authority. It is shown that the company did not allow the use of its automobiles by its employees except when they were engaged on business for the company. There is nothing in the record to show that Berkley was using the automobile at the time of the accident with the consent of the company. The evidence does not show that Berkley was on the business of the company when the accident happened. This case cannot be distinguished from other cases holding that the master was not responsible for the acts of the servant when the servant was not engaged in the business of the master. Mullen & Haynes Co. v. Crisp, 207 Ky. 31, 268 S. W. 576; Crady v. Greer, 183 Ky. 675, 210 S. W. 167; Keck's Adm'r v. Louisville Gas & Electric Co., 179 Ky. 314, 200 S. W. 452, L. R. A. 1918C, 654; Louisville Lozier Co. v. Sallee, 167 Ky. 499, 180 S. W. 841; Eakin's Adm'r v. Anderson, 169 Ky. 1, 183 S. W. 217, Ann. Cas. 1917D, 1003; Tyler v. Stephan's Adm'x, 163 Ky. 770, 174 S. W. 790.

The court did not err in instructing the jury to return a verdict for Armour & Co.

Judgment is affirmed.