## Bickel Coal Company v. Louisville Tire Company.

(Decided March 1, 1929.)

P. H. SAVAGE and RONALD C. OLDHAM for appellant.

O'NEAL & O'NEAL for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—
Affirming.

This action grows out of a collision between a truck belonging to appellant and a truck belonging to appellee, and was instituted by the appellant as plaintiff against the appellee as defendant, to recover damages alleged to have been caused by the negligence of appellee's driver while in the line of his employment.

Appellee by its answer denied its negligence, pleaded contributory negligence upon the part of appellant's driver, denied its employe was driving its truck in its business at the time of the collision, and by way of counterclaim sought to recover damages to its truck on account of the negligence of appellant's driver. The trial resulted in a verdict for appellee, and from the judgment thereon this appeal is prosecuted on the grounds: (1) That the verdict is against the evidence; (2) that the verdict is contrary to law; and (3) erroneous instructions.

Appellant lays no stress upon grounds 1 and 2; in fact, counsel in their brief refer to them only by saying, "The first two contentions need only be mentioned in passing"; and in view of what we have to say concerning ground 3, we will treat grounds 1 and 2 with the same consideration.

The error complained of in the instructions is that the court submitted to the jury, and directed it to find from the evidence, whether appellee's driver was on its business at the time of the collision. This was error, but upon consideration of the facts and the law as applied to the facts, as hereinafter set forth, it was not prejudicial. The facts as shown by the evidence are substantially these: Appellee had in its employ one Louis Jones. Some days before the collision, it had cashed for Jones a check for $18 given to Jones' wife by one Betty Diebold. On the day of the collision the check had been returned to appellee by the bank on which drawn because of insufficient funds to meet it. Appellee's manager, Dieruf, called Jones into the office and informed him of the non-

payment of the check and said to him that the check would be charged to his salary and returned the check to Jones. Jones telephoned Betty Diebold, and she requested him to bring the check to her and she would pay it. Jones took a Ford truck belonging to appellee and drove to the Diebold residence and obtained in cash the amount of the check. It was on his return trip to appellee's place of business that its truck collided with appellant's truck. There was sufficient evidence on either side of the case to sustain a verdict for either party, if negligence were the only question involved. However, appellee's liability to appellant is conditioned upon whether Jones, who was driving appellee's truck, was engaged in appellee's service at the time. Having alleged the affirmative of this proposition in its petition, and basing its right to a recovery thereon, it was, of course, incumbent upon appellant to establish the fact. To this end it introduced appellee's then manager, Dieruf, and Jones, driver of the truck, who were the only witnesses introduced to establish this fact, and by whom the facts above set forth were brought out. Dieruf further testified it was some two or three hours from the time he returned the check to Jones until the collision occurred; that he did not recollect giving Jones permission to use the truck or that Jones asked permission to use it; but he did say he did not know that Jones was out on this trip until he received news of the collision and reached the scene of it shortly after it happened. Jones testified further that he could not remember whether he asked for the use of the truck or not, but that it was some time after Dieruf returned the check to him until he took the truck and drove to the Diebold residence.

Appellant insists that since appellee had cashed this check for Jones, Jones' trip to the Diebold residence was for the purpose of collecting the money on the check for appellee, and he was therefore on appellee's business at the time of the collision. We do not follow appellant in this. While appellee had cashed the check for Jones, its non-payment resulted in making Jones appellee's debtor, and it had advised him the amount of the check had been charged against him. It was then up to Jones to collect the check. He was as much obligated to make that check good as if it had been his own check. We are unable to see where, in endeavoring to collect the amount of that check from Betty Diebold, under the circumstances of this case, Jones was on appellee's business any more than

he would have been had be been driving around to friends to raise enough money to make good his own check.

One is responsible only for the acts of another when the relation of principal and agent or master and servant exists; and where it is sought to hold one responsible in damages for the acts of another, the party seeking recovery must establish the relation of master and servant or principal and agent, if the relationship be denied.

Appellant's evidence in this case is not only insufficient to show such relationship, but, on the contrary, it shows conclusively, we think, that at the time of the collision Jones, appellee's driver, was on his own business. The instructions given were not, therefore, prejudicial to appellant, but were more favorable than it was entitled to. Appellee's motion for a peremptory instruction should have been sustained. Tyler v. Stephan's Adm'x, 163 Ky. 770, 174 S. W. 790; Mullen & Haynes Co. et al. v. Crisp, 207 Ky. 31, 268 S. W. 576; Saunders' Ex'rs v. Armour & Co., 220 Ky. 719, 295 S. W. 1014; Winslow v. Everson, 221 Ky. 430, 298 S. W. 1084.

Wherefore the judgment is affirmed.