## Hauck et ux. v. Lillick et ux.

(Decided April 24, 1934.)

.BLAKELY & MURPHY, for appellants.
ROBERT C. SIMMONS, for appellees.

Opinion of the Court by Creal, Commissioner—
Reversing.

Paul G. Hauck and May L. Hauck, his wife, are appealing from a judgment dismissing their petition against Albert Lillick and Edith Lillick, husband and wife, in which they sought to recover on a note for $2,050 and for the specific performance of a contract under which appellees agreed to purchase a lot from them. It is alleged in the petition that under the contract as evidenced by writing filed with the petition, they agreed to sell and appellees agreed to purchase lot No. 44, fronting 75 feet on Arcadia avenue in Fort Mitchell, Ky., at the agreed price of $28 per front foot or a total of $2,100; that $50 of the purchase price was paid in cash and the remainder evidenced by the note sued on. They further alleged that they had tendered appellees a deed in conformity with the contract but appellees refused to accept same. In addition to a prayer for recovery on the note, they asked that appellees be required to accept the deed and perform the contract. By answer appellees admitted that they entered into a contract with appellants regarding the purchase of the lot, but alleged that through mutual mistake of the parties and by mistake, inadvertence, and oversight on the part of the draftsman of the writing, the essential and controlling elements of the contract were not incorporated in the writing; that under the terms and conditions of the contract as agreed upon by the parties before the draftsman had attempted to reduce the contract and note to writing, appellees were to have 90 days in which to determine and elect whether they would take the lot at the price agreed upon; that it was further expressly agreed and understood as a condition of the contract that appellants who owned a number of adjacent lots fronting on the avenue would not sell or convey to any persons any property on that side of the avenue with a frontage of less than 50 feet, and that this was a material inducement to them to enter into a contract giving them the 90-day option to purchase the lot; that within the 90-day period they notified appellants that they would not take the property but that before they gave such notice, appellants had sold lots so as reduce the frontage of lots adjoining No. 44 to a frontage of only 35 feet. As a further defense the answer alleged that while the note bears the date April 5, 1929, it was not in fact executed on that

day, but that the note was signed and the contract entered into on Sunday, April 7, 1929, and that it therefore is illegal, void, and unenforceable.

The issues as completed by reply traversing the affirmative allegations of the answer as amended were submitted to a jury resulting in a verdict for appellees and followed by the judgment appealed from.

Grounds for reversal call for a summary of the evidence. The material facts in substance are that the negotiations leading up to the contract were conducted by Mr. J. C. Gunning, agent for appellants, who had been assisting them in disposing of property on Arcadia avenue and elsewhere. Appellees had seen lot No. 44 and were impressed with it. It was their intention to purchase the lot and build a home thereon provided they could make satisfactory disposition of a home they already owned. After debating the matter for a few weeks, they told Mr. Gunning that they would not consider buying the lot until assured that they could dispose of their home at a satisfactory price. He then proposed to give them a 90-day option upon the payment of $50, stating that this had been done for other prospective purchasers; that if they exercised their option to buy the lot, the $50 payment would apply on the purchase price, otherwise, it would be forfeited. The evidence of appellees and Mr. Gunning amply supports the allegations of the answer.

Appellees testified that on the following Sunday they again went to inspect the lot and there met Mr. Hauck and Mr. Gunning; that they talked with Mr. Hauck about the lot and he told them certain things he proposed to do provided they decided to take it; that before he left he asked them to sign the note, stating that he could not give them an option unless they did so. In this they were corroborated by Mr. Gunning. They further testified that before the expiration of the 90 days, they attempted to see Mr. Hauck but failing to do so called him on the telephone and notified him that they had decided not to take the property and he said, "All right." Mr. Hauck admitted that appellees told him that they would not take the property and that he said, "Oh all right."

Mr. Gunning testified that options had been given on other lots in the subdivision and that he was authorized to give such options. Mr. Hauck testified that Mr. Gunning was his agent to solicit prospects and to enter

into a contract for the sale of property but that he had no authority to give an option. He further testified that when the contract was brought to him he refused to accept it until a note was made for the balance of the purchase price and that Gunning returned and procured the note on the same day the contract was made; that the note was not signed on the following Sunday at the place or under the circumstances testified to by appellees; and that he did not say anything to appellees as to things he would do provided they decided to take the lot or to indicate to them that he was giving an option. His evidence clearly indicates that he understood and thought the contract to be a contract of sale and not an option.

It is insisted by counsel for appellants (1) that the evidence is not sufficient to establish mistake, inadvertence, or fraud and that reformation of the contract is not warranted; (2) that the representations of the agent that the contract was an option was unauthorized and that he was unauthorized to give an option; and (3) that the court erred in instructing the jury.

In the case of Litteral v. Bevins, 186 Ky. 514, 217 S. W. 369, 370, which is cited by counsel for appellants, it is said:

"The burden being on the party alleging the mistake to establish that fact, reformation will not be granted in the absence of strong and most satisfactory evidence of the mistake."

The opinion continuing quotes from Griffith v. York, 152 Ky. 14, 153 S. W. 31, wherein it is said in effect that where a mistake has been made by the draftsman of an instrument, relief by way of reformation so as to carry out the intention of the parties will be granted, however, to entitle the complaining party to such relief, the evidence by which the alleged mistake is established must be clear and convincing, and that where the evidence is conflicting, relief will not be granted. However the rule with respect to conflicting evidence has been relaxed in the more recent cases Karr v. Pearl, 212 Ky. 387, 279 S. W. 631; Trustees First Christian Church v. Macht, 228 Ky. 628, 15 S. W. (2d) 509.

As already indicated, the evidence of appellees and Mr. Gunning, the agent for appellants, is positive and direct that the mistake was made. Aside from the con-

tract itself there is a dearth of evidence to indicate otherwise. Not only does the evidence of appellees and appellants' agent who negotiated with them tend to establish the mistake, but the evidence also tends to indicate that Paul G. Hauck fully understood the terms of the contract as contended for by them when he talked with them on the following Sunday. Unquestionably the evidence was sufficient to take the case to the jury and to sustain the verdict returned by them.

The question concerning the authority of Gunning, as agent for appellants, to give an option is one upon which there is a conflict in evidence and should have been submitted to the jury under proper instruction. Except as to this issue and the one as to whether or not the contract was signed on Sunday, the instructions offered by appellants are in substance and effect the same as those given by the court. The first instruction offered by appellants as well as the first given by the court directs a finding for appellants in the sum sued for unless the jury should find as set out in other designated instructions. Other instructions offered by appellants submitting issues made by appellees' pleading and proof also submitted the issue as to whether the agent Gunning was authorized to and did give an option or had authority to make representations concerning the frontage of other lots to be sold. The rule with respect to authority of an agent to bind his principal is stated thus in 21 R. C. L., p. 853, sec. 33:

"Very obviously, the principal is liable for all such acts and statements of his agent as he may have expressly authorized; and this includes by implication, whether the agency be general or special, all such powers as are necessary and proper as a means of effectuating the purposes for which the agency was created. Being clothed with power to do a particular act, the agent will be deemed to have also whatever authority attaches to the doing of the act or is necessary to its performance."

And in the following section it is said with respect to apparent authority:

"All such acts of the agent as are within the apparent scope of the authority conferred on him are also binding upon the principal, apparent authority being that which, though actually not granted, the principal knowingly permits the agent to exercise, or which he holds him out as possessing."

In Trogden v. Williams (144 N. C. 192, 56 S. E. 865) 10 L. R. A. (N. S.) 867, note, it is said:

"The general rule that a power to sell real estate must be strictly followed, in order to bind a principal, applies where the agent attempts to bind the principal by an option on such real estate, if such right is not expressly given in the power to sell."

In 10 L. R. A. (N. S.) 867, note, citing Ives v. Davenport, 3 Hill (N. Y.) 373, it is said:

"The power of sale only authorized an absolute sale, a sale which left it to the option of the vendee whether he would take the land or not was not in compliance with the power of sale, and therefore was not binding on the principal."

To the same effect see Smith v. Merrill et al., 134 Wis. 227, 114 N. W. 508; C. C. Slaughter Cattle Co. v. Potter County (Tex. Civ. App.) 235 S. W. 295; Tibbs v. Zirkle, 55 W. Va. 49, 46 S. E. 701, 104 Am. St. Rep. 977, 2 Ann. Cas. 421; Field v. Small, 17 Colo. 386, 30 P. 1034; Hickok v. Still, 168 Pa. 155, 31 A. 1100, 47 Am. St. Rep. 880; Swift v. Erwin, 104 Ark. 459, 148 S. W. 267, Ann. Cas. 1914C, 363.

In the latter case as well as in a number of others the court distinguished between a sale and an option. The foregoing and a number of other cases that might be cited indicate practically unanimity of authority that mere power granted to an agent to sell does not carry with it authority to give an option, therefore, under the proof in this case, it was error not to submit to the jury the issues made as to the authority of the agent as hereinbefore indicated.

For the reasons indicated, the judgment is reversed and the cause remanded for a new trial and for proceedings consistent with this opinion.