## Webb v. Daniel's Administrator.

(Decided Dec. 20, 1935.)

KIRK & WELLS and JERRY A. HOGAN for appellant.

C. F. PACE for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

Appellant, Lois Webb, was the defendant below. She appeals from a judgment of the Johnson circuit court based on a verdict against her in the sum of $25,000 in favor of the estate of Troy R. Daniel, deceased. Appellant and Robert Webb were married secretly September 20, 1933. Appellant was employed by a utility company in Paintsville which had a rule against the employment of married women, and for this reason the fact of her marriage was not disclosed. She continued to live in her apartment on Main street in Paintsville with three other young women, while her husband continued to reside after the wedding at the home of his parents. On October 7, 1933, just seventeen days after the wedding, the appellee's decedent was run over and killed by an automobile belonging to appellant that was being operated at the time by her husband, Robert Webb. The evidence shows without contradiction that appellant was the owner of a DeSoto coupe, which she used in conection with her business and also for pleasure and convenience. On the occasion in question, it was shown that appellant's mother-in-law had called her on the telephone and asked if she, appellant, could take Mrs. Kirk, a relative, from her home on Third street to the Preston Cemetery to visit her deceased husband's grave. Appellant says she advised the elder Mrs. Webb that she would be busy at the time, but that one of the Webb boys might borrow her car for this purpose. Appellant's husband, evidently at the request of his mother, came to appellant's office and secured the only key to the automobile, for the purpose, so appellant thought, of taking Mrs. Kirk

to the cemetery. Instead of going to the cemetery as suggested, Webb drove the automobile south on the Mayo Trail from Paintsville in a direction opposite to the cemetery, and was returning toward Paintsville when the accident here complained of occurred. He was not introduced as a witness, and there is therefore nothing to show on what mission he was engaged at the time of the injury to decedent. Appellant's testimony stands unimpeached in the record that, whatever he was doing, Webb was not engaged upon any business of hers, and that no relationship of principal and agent existed between them. No brief has been filed in this court by the appellee, but we are advised in the brief for appellant that the theory on which the case was practiced in the trial court was that appellant's liability was fixed by the "family purpose" doctrine. There was a total failure to prove a relationship of principal and agent or of master and servant existing between appellant and Robert Webb, unless the "family purpose" doctrine should apply. Wells v. Combs, 251 Ky. 479, 65 S. W. (2d) 468; Packard-Louisville Motor Co. v. O'Neal, 248 Ky. 438, 58 S. W. (2d) 630; Saunders' Ex'rs v. Armour & Co., 220 Ky. 719, 295 S. W. 1014. In the case at bar, appellant and Webb were not living together. There was no indication that Webb operated the car under a general permission from appellant for the purposes or conveniences of the family, and, on the contrary, the only testimony on the subject indicates that appellant needed the automobile for her own use in connection with the position she held; that she had but one switch key to the car; and that when the car was loaned to Webb it was for a special purpose having no connection with the business of appellant or with their mutual convenience or pleasure. Even if we assume that the unusual relationship between appellant and her husband at the time of the accident was such as to make the "family purpose" doctrine applicable, nevertheless Webb was in law the head of the family, using a motorcar of another member of the family on his own affairs, and not on the business of the owner. We have expressly held under similar circumstances that no liability attached to the owner as a result of an accident occurring when the automobile was thus used. Kennedy v. Wolf, 221 Ky. 111, 298 S. W. 188. It follows that appellant was entitled to the directed verdict she requested.

Other questions are involved which we do not deem it necessary now to consider, and they are therefore reserved.

Judgment reversed.