## Hauck et ux. v. Lillick et ux.

(Decided March 17, 1936).

STEPHEN L. BLAKELY for appellants.

R. C. SIMMONS for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON— Affirming.

This is the second presentation to us of this action. See Hauck et ux. v. Lillick et ux., 254 Ky. 6, 70 S. W. (2d) 958, 960.

The facts now contained in the record, except supplementary testimony to which we shall hereafter refer, are set out in our opinion on the first appeal. It is unnecessary to restate them. The issues then were and now are whether the writing involved was an option or an absolute contract of sale of the lot described in it. and whether the note evidencing the recited consideration therefor was signed on Sunday; the Lillicks insisting that it was an option and the note was signed on

Sunday, and Hauck et ux. the contrary. After stating the facts, we said:

> "As already indicated, the evidence of appellees [Lillicks et ux.] and Mr. Gunning, the agent for appellants [Haucks et ux.], is positive and direct that the mistake was made. Aside from the contract itself there is a dearth of evidence to indicate otherwise. Not only does the evidence of appellees and appellants' agent who negotiated with them tend to establish the mistake, but the evidence also tends to indicate that Paul G. Hauck fully understood the terms of the contract as contended for by them when he talked with them on the following Sunday. Unquestionably the evidence was sufficient to take the case to the jury and to sustain the verdict returned by them. The question concerning the authority of Gunning, as agent for appellants, to give an option is one upon which there is a conflict in evidence and should have been submitted to the jury under proper instruction. * * * It was error not to submit to the jury the issues made as to the authority of the agent as hereinbefore indicated. For the reasons indicated, the judgment is reversed and the cause remanded for a new trial and for proceedings consistent."

After the return of the case to the circuit court, another trial was had in which the evidence was substantially that which is stated in our former opinion, except the testimony of Emmet Daugherty, who, at the time, was absent from the state, but was present and testified at the second trial. Substantially, he testified that he was in the office at 322 Elm street, Ludlow, Ky., of the Ludlow Insurance & Real Estate Company, on the afternoon on which the writing signed by the Lillicks concerning the sale of the lot, when Gunning, the agent, returned to the office bringing it with him. On entering, he engaged in a conversation with Mr. Hauck in the front office, which he did not hear. Then they came to the desk where he was working and asked him "how best to do this contract." Gunning stated in his presence that the Lillicks were unable to pay at the time any more than $50, "but it would be all right in several months." Hauck agreed that he would wait six months before he would collect. Gunning stated that the Lillicks were unable to make any payments for several

months, "at least three or four months." At this point he (Daugherty) suggested to Hauck that a note be written, stipulating the first installment be payable in six months with interest payable semi-annually. He declared that he heard no statement of Gunning about a sixty or a ninety day option; "there was nothing said about an option," but Gunning said that "he had sold the property and they could pay for it inside of two years." He further testified that thereupon the note was prepared, dated that day (Saturday), and delivered to Gunning to be carried to the Lillicks for their signatures.

The testimony of Gunning as to what was said between him and Hauck on that afternoon is consistent with Daugherty's, for, according to Daugherty, they had time and opportunity in the front office, before they came to where he was in the rear, to have had the conversation which Gunning details in his testimony. Aside from this, Daugherty's testimony establishes that the instrument evidencing the contract between the Lillicks and the real estate company was out of the ordinary and required a plan for carrying out the sale. If it evidenced an absolute sale, not different from that of an ordinary sale, then why was it necessary to resort to evolving a plan to carry it out? But disregarding this view of Daugherty's testimony, it should be conceded it is merely accumulative, in that it corroborates Hauck's. The conflicting evidence made an issue to be submitted to the jury.

The court, as directed in our opinion, by an appropriate instruction submitted to the jury the issue made as to the authority of the agent, Gunning, to enter into an optional contract with the Lillicks for the sale of the lot.

Unquestionably, the evidence, though conflicting, was sufficient to take the case to the jury and sustain its verdict. This was our conclusion on the first appeal. Daugherty's testimony is insufficient to warrant a different conclusion. On the whole, there is no material difference between the testimony on the first, and the second, trial.

It is argued that the evidence as a matter of fact does not show that the writing was intended to be or was exe-

cuted and delivered as an option, and that it fails to establish a mutual mistake of the parties.

Since the facts on the second trial are substantially the same as those on the first, our interpretation of them on the first appeal becomes the law of the case. Kentucky Road Oiling Company v. Sharp, 257 Ky. 378, 78 S. W. (2d) 38. We have often ruled that where the evidence was substantially the same on the second trial, our previous interpretation thereof constituted the law of the case and controls not only the circuit court, but this court as well. Louisville & N. R. Co. v. Rowland's Adm'r, 227 Ky. 841, 14 S. W. (2d) 174; Louisville & N. R. Co. v. Cornett's Adm'r, 237 Ky. 131, 35 S. W. (2d) 10; Vanhoose v. Chesapeake & O. R. Co., 214 Ky. 594, 283 S. W. 953.

It is an inflexible rule that our opinion on a former appeal, whether right or wrong, is binding alike on the parties and the courts in the same action. Robinson v. Chesapeake & O. R. Co., 227 Ky. 458, 13 S. W. (2d) 500; Louisville Fire Brick Works v. Tackett, 216 Ky. 712, 288 S. W. 665; Preece v. Woolford, 200 Ky. 604, 255 S. W. 285. Our interpretation of the conflicting evidence on the first appeal is final

Wherefore, the judgment is affirmed.