## Lindig v. Breen.
(Decided March 16, 1937.)

154

WOODWARD, DAWSON & HOBSON for appellant.
W. J. GOODWIN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The appeal is from a $1,112 judgment for injuries to appellee's person and her automobile.

The material facts are as follows: On the afternoon of July 5, 1934, Mrs. Breen was driving her Buick sedan north on Twenty-Sixth street in Louisville. At the same time a truck belonging to Mr. Lindig was being driven west on Dumesnil street. The car and truck collided at the intersection of the two streets. According to Mrs. Breen and her witnesses, the truck was on the wrong side of Dumesnil street. When it reached Twenty-Sixth street it stopped, with the front end about three feet out in that street. When the truck stopped she started to go around it, and when only a few feet from the truck it suddenly started up and ran into the side of her car. Mrs. Breen was driving about fifteen miles an hour. On the other hand, Schwab, the driver of the truck, testified that, when he first reached Twenty-Sixth street, he stopped to let some children pass. After they passed he started up and went about three feet, when he saw appellee's car coming north on Twenty-Sixth street, about eighty feet away. He stopped dead still, and never moved thereafter. Mrs. Breen, who was traveling in the car tracks at from thirty to forty miles an hour, lost control of her car and it swerved and struck the front end of the truck, which extended about three feet into Twenty-Sixth street. Mrs. Breen had plenty of room to pass the truck.

It is not claimed that the evidence was insufficient

to take the case to the jury, or to sustain the verdict, or that the verdict is excessive. A reversal is asked solely because of errors in the instructions.

It is first insisted that instruction 1-B is erroneous in requiring the driver of the truck to operate the truck at a rate of speed that was reasonable and proper. The argument is that the only evidence of the speed of the truck was to the effect that, as it approached Twenty-Sixth street, it was going about ten miles an hour. It being conceded that the truck stopped as it entered Twenty-Sixth street, it necessarily follows that its rate of speed prior to that time was wholly immaterial. However, its speed after that time was material. Clearly a rate of speed that might be regarded as very slow under other circumstances, would not be reasonable and proper if it were such when the truck was suddenly started as to bring it in contact with the approaching sedan. Taking into consideration the distance covered by the truck and the violence of the impact with the sedan, we think the question of speed was properly submitted to the jury.

Instruction 1 (d) is as follows:

"If the jury believe from the evidence that there was a stop sign on Dumesnil Street east of its intersection with Twenty-Sixth Street, then it was his further duty to bring his truck to a complete stop before entering Twenty-Sixth Street, and not to enter Twenty-Sixth Street until he could do so with reasonable safety to north and southbound traffic on Twenty-Sixth Street."

The instruction is assailed on the ground that it submitted to the jury a question of law, to wit, whether there was a stop sign on Dumesnil street, and if so, the legal effect of such sign. The argument is that section 2739g-37, Kentucky Statutes, provides that a vehicle being operated on a boulevard or any street which may by ordinance be designated as being equal in importance to a boulevard shall not be required to observe the statutory right of way requirements, and that there was no proof, and none could be offered, that Twenty-Sixth street at its intersection with Dumesnil was a boulevard. The instruction in question was not predicated on the theory that Twenty-Sixth street was a boulevard. The instruction was predicated solely on the presence of the stop sign. The regulation of

traffic on its streets by a city is a valid exercise of the police power. Commonwealth v. Nolan, 189 Ky. 34, 224 S. W. 506, 11 A. L. R. 202. Besides the general authority to erect and maintain traffic signs and signals, the Board of Public Safety of the City of Louisville is empowered by ordinance to establish and maintain suitable signs or markings requiring operators to bring vehicles to a complete stop at any intersection or any other place where such regulation is required for public safety. General Ordinances and City Charter of the City of Louisville, p. 884, sec. 4, and p. 894. The instruction did not submit the legal effect of the stop sign. It merely submitted the question of its presence, and then gave to the jury the legal effect of its presence. We find no error in the instruction.

By instruction 1 (e) the court told the jury that it was the duty of appellant's driver, before turning from Dumesnil into Twenty-Sixth street, to give reasonable and timely signals of his intention so to do by extending his hand and arm in a horizontal position from the side of his truck, and that it was his further duty in making the turn to pass to the left of the center of the intersection, keeping as far to the right as possible. Though the instruction follows the wording of the statutes, sections 2739g-42 and 2739g-50, Kentucky Statutes, it is claimed that the purpose of a signal before making a turn is for the protection of vehicles behind or into whose path such vehicle may turn, and that it is not for the protection of an oncoming vehicle whose driver sees the turning vehicle, especially when the turning vehicle comes to a stop barely within the intersection. The signal required of the operator of the turning vehicle is not for the protection only of vehicles in the rear of the turning vehicle, but is for the protection of all vehicles whose movements may reasonably be affected by the change in direction. Section 2739g-50, Kentucky Statutes, supra; Marsee v. Bates, 235 Ky. 60, 29 S. W. (2d) 632. Negligence is not predicated on what occurred prior to the stopping of the truck, but on what occurred thereafter. In the very nature of things the change in the direction of the truck affected the movement of the approaching sedan. If the evidence of appellee is to be believed, and that was a question for the jury, the situation was very confusing, and we do not doubt that it was one requiring the statutory signal.

Instruction 1·(f) is attacked on the ground that it told the jury that appellee had the right of way over the intersection if she was closer to the point of intersection than appellant's truck, even though there was no stop sign at the intersection. It is claimed that the instruction is erroneous, in that it was not authorized by the evidence. Attention is called to the fact that appellant's truck was at the intersection first, and that when it pulled out in the intersection appellee's car was from 25 to 80 feet away. We find that appellant offered an instruction telling the jury in substance that it was the duty of the Buick sedan to yield the right of way to the truck unless they believed from the evidence that the Buick was closer to the point of intersection of the path of said Buick automobile and the path of said truck, etc. In view of the offered instruction, the case is one of the invited error, and appellant may not complain of the fact that the court submitted the right of way issue to the jury. Saunders' Ex'rs v. Armour & Co., 220 Ky. 719, 295 S. W. 1014.

By instruction 5 the court said to the jury that if appellant's truck came into the path of appellee's automobile so suddenly that, had she been operating it at a reasonable rate of speed, she could not by the exercise of ordinary care have stopped the automobile, slackened its speed, or changed its course in time to have avoided coming in collision with the truck, then appellee was entitled to recover. It is argued that the instruction is erroneous because it confuses the sudden appearance defense with the sudden emergency right of recovery. It is admitted that the truck came to a stop. Clearly this was in effect an invitation to approaching cars to come ahead, and it was not negligence on the part of appellee to proceed. On the other hand, it was negligence on the part of the driver of the truck, after stopping, to start up again, if he did so, as the evidence tends to show, and thus create a danger which appellee could not avoid by the exercise of ordinary care. After all the real issue in the case was whether, as claimed by·the driver of the truck, the truck was standing still and appellee lost control of her car and ran into the truck, or whether, as claimed by appellee, the truck stopped and suddenly started up and ran into appellee's car. The instruction submitted that issue to the jury, and though it may be subject to criticism, we do not regard it as prejudicial, when

read in connection with the several instructions on contributory negligence.

Judgment affirmed.