## Snyder v. Snyder.

(Decided June 1, 1937.)

J. BALLARD CLARK and FISHER, BARRICKMAN, WATKINS & SEIDMAN for appellant.

D. E. WOOLDRIDGE for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

In an opinion reported in 257 Ky. 148, 77 S. W. (2d) 404, 408, on a former appeal of this case, a judgment in favor of appellee and defendant below was reversed on the ground that the verdict was flagrantly against the evidence. A second trial resulted in another verdict for the defendant and this appeal followed.

The transaction out of which this litigation grew and the attending circumstances as shown by the record on the first appeal are fully set forth and discussed in the former opinion. For the sake of brevity and to avoid unnecessary reiteration, reference is made to that opinion. The record in this and the former appeal have been placed together and, since the contract relied on by appellee in this case also plays a part in another action between the same parties involving a title to a farm, an appeal in that case has also been read and considered in connection with this appeal. After a full discussion of the facts appearing from the record in the first appeal, the conclusion reached was thus summed up in the opinion:

"We have no doubt that plaintiff offered his son

and the latter's wife a liberal proposition to move into his house and to furnish him only board and lodging in consideration of such liberal offer which he admits, and to which he testified; but he denies, and which we think the evidence and developed circumstances sustain, that he turned over to his son every vestige of property he possessed, both real and personal, or that he obligated himself to keep up the farm and to pay all expenses of its operation as is claimed by defendant under the alleged written contract. Its genuineness is furthermore rendered doubtful because of its provisions as to secrecy of its execution and also its terms, as well as other considerations hereinbefore referred to. We do not hesitate, therefore, to conclude that the verdict is flagrantly against the evidence as contained in the record filed in this court.''

One of the principal grounds relied on by appellant for reversal is that the evidence on the second trial is substantially the same as that on the first trial and therefore the "law of the case" rule applies. On the first trial the evidence was not taken down by a stenographer but was set out in narrative form in a bystander's bill of exceptions and necessarily was not as full and complete as it otherwise would have been. We have carefully read and compared the evidence in the two records and find that, while there is additional evidence on some questions developed in the first trial, no material fact has been brought out on the second trial that was not a matter of evidence on the first trial. The most important additional evidence on the second trial is that relating to the alleged agreement that the sum of $1,000 which appellant had on deposit in a bank might be used to defray expenses of operating the farm and maintaining the family. Two or three witnesses testified that, after appellee came from Florida and took over the operation, appellant had stated to them in substance that he was to give appellee and his wife the money he had on deposit for operating expenses for the first year. This, as appears from the record on the former opinion, was positively denied by appellant. Appellee testified on the first trial that his father made this agreement and introduced in evidence the unusual contract set out and discussed in the former opinion which so provided. He further testified that the sum sued for was paid to him by appellant in satisfaction

of expenses he had incurred in operating the farm, etc., but the record he had kept showing the sums so expended had been lost. On the second trial he had made up from memory, as far as he could, the alleged items of expense and filed in evidence the receipts which he claimed his father had given him and which he had found at his home after his father left.

It is a rule of universal application that an opinion on the first appeal of an action is the law of the case, and where on subsequent appeal the facts shown on the record are substantially the same as those on the first trial, the opinion on the first appeal must be followed; and this rule will prevail notwithstanding the evidence may be fuller if it is merely cumulative of the evidence offered on the first trial. Samuels & Co. v. T. M. Gilmore & Co., 142 Ky. 166, 134 S. W. 169; Illinois Cent. Ry. Co. v. France's Adm'r (Ky.) 123 S. W. 336.

However, counsel for appellee cite Mullins v. Commonwealth, 185 Ky. 326, 215 S. W. 56, 60, as indicating that the above rule as respects cumulative evidence does not apply in this instance because the new evidence is of such compelling effect as would likely have a controlling influence with a jury. In that case the court was dealing with a motion for new trial on the ground of newly discovered evidence and the commonwealth was contending that the alleged newly discovered evidence was cumulative only and not sufficient to authorize the granting of a new trial. It was said:

"We are not entirely in accord with this contention of the commonwealth, since evidence is not necessarily cumulative because it tends to the establishment of the principal fact. If it is directed toward the establishment of a collateral fact or circumstances, about which no testimony had been introduced, but which bears upon the principal fact, it is not necessarily cumulative. [Citing authorities.]"

These authorities in substance hold that evidence which brings to light some new and independent truth of a different character, although tending to prove the same principal proposition or claim, is not cumulative within the rule now under consideration. Especially so if the collateral or independent fact or circumstance would likely be of controlling influence with the jury.

Most of the witnesses who testified on the second

trial as to statements of appellant concerning the $1,000 on deposit had testified on the former trial that appellant stated to them in substance that he had turned "everything" over to appellee. If the claimed exception to the general rule respecting cumulative evidence as affecting the law of the case rule be conceded, it is apparent that the new or additional evidence relied on here does not come within any such exception, but, even if it did, we would in all the circumstances and notwithstanding the new and additional evidence still be constrained to hold that the verdict is flagrantly against the evidence.

It may be pointed out that, in addition to what was said in the former opinion, appellee testified that when his father first talked to him about taking charge of the farm he said to his father, "I am pretty well located in Florida and doing pretty well and I am satisfied and am out of trouble and you know when I was with you on several occasions you run me off several times, * * *" and he then detailed some of the troubles he had formerly had with his father; but, notwithstanding this, he accepted the contract, to which he claims his father affixed his signature by mark, without a witness. He also testified that the cause of the extreme secrecy attending the execution of the contract was due to the fact that the other children owed their father some money and they might cause some disturbance about it. The matter of secrecy was of such great importance that it was even embodied in the contract and yet, according to witnesses introduced by appellee, the father by his statements made it a matter of gossip in the community where it would most likely come to the ears of another son.

For the reasons pointed out in this and the former opinion the judgment is reversed, and the cause remanded for a new trial and proceedings consistent with this opinion.