## Chesapeake & O. Ry. Co. et al. v. Prater's Adm'x.

(Decided June 8, 1937.)

LeWRIGHT BROWNING and KIRK & WELLS for appellants.
C. F. PACE, FRED MEADE and C. F. KIRK for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This is the second appeal of this case. The opinion on the former appeal is reported in 251 Ky. 84, 64 S. W. (2d) 463, and reference is made to that opinion for a full statement of the facts.

John Prater was run over by an engine and tender of the Chesapeake & Ohio Railway Company about 10:30 p. m. August 30, 1930, and received injuries which resulted in his death shortly thereafter. The accident happened on a passing track while the engine was backing in an easterly direction. The decedent was lying on the track, and there was evidence tending to show that he was intoxicated. He was a trespasser, and the only duty owed to him by those in charge of the engine was the exercise of ordinary care to avoid injury to him after his peril was discovered. The appellant James B. Ruth, a brakeman, was standing on the running board on the end of the tender and was the only eyewitness to the accident. He testified that he did not see the decedent until the engine was within thirty or thirty-five feet of him, and that he applied the emergency brakes as quickly as possible by turning the angle cock on the end of the tender, but that it was impossible to bring the engine to a stop before it ran over the decedent. He stated on both trials that the engine was running at a speed of about ten or twelve miles an hour. Fred Preston, who had formerly been employed as an engineer by the appellant Chesapeake & Ohio Railway Company, testified on the first trial that this engine, in his opinion, could be stopped in twenty feet in dry weather and in twenty-five to twenty-eight feet in wet weather. On the former appeal the judgment was reversed because the trial court erred in overruling defendants' motion for a directed verdict in their favor. It was held that the evidence was insufficient to establish any negligence upon their part after decedent's peril was discovered. At the last trial the court again submitted the case to the jury upon the issue of discovered peril, and the jury returned a verdict against the defendants in the sum of $1,500.

Unless the evidence heard at the last trial was substantially different from the evidence on the former trial, the court erred in again overruling appellants' motion for a directed verdict. The evidence on the two trials was substantially the same, if the testimony of

Lora Pauley at the last trial is eliminated. She testified, in substance, that she was near the railroad track and saw the engine pass. She watched it back down the track and saw it stop at the scene of the accident about a half mile from the place where she was standing. In her opinion, the engine was traveling at a speed of three or four miles an hour at the time of the accident. It was in the nighttime, and she could see only the headlight on the engine at that distance. The engine was backing away from her and she was not in a position to judge its speed with any degree of accuracy. The mere recital of her testimony demonstrates its unreliability and lack of probative value. She did not have sufficient opportunity for observation to enable her to form an intelligent opinion as to the speed of the engine, and her testimony should have been rejected. At most, as she practically admitted on cross-examination, her estimate of the rate of speed was a mere guess. Ordinarily the witness' opportunity for observing the speed of a moving object and the extent of his observation go to the weight of his testimony and not its competency, but unless he had sufficient opportunity to observe the speed his testimony is incompetent. The rate of speed at which a railroad train is running is not a matter exclusively for expert testimony, but a witness who undertakes to express an opinion thereon must have been in a position to judge such speed intelligently. Bowling Green-Hopkinsville Bus Co. v. Edwards, 248 Ky. 684, 59 S. W. (2d) 584. Fred Preston was again introduced by the plaintiff, and, basing his opinion on the testimony of Lora Pauley, testified that an engine, such as the one involved in this accident, traveling at a speed of three to four miles an hour, could have been stopped in twelve feet after the application of the brakes. With Lora Pauley's testimony eliminated, Preston's testimony, of course, was incompetent.

We find no evidence of probative value tending to show any negligence by the appellants after the decedent's peril was discovered. It follows that the trial court erred in overruling appellants' motion for a directed verdict in their favor.

The judgment is accordingly reversed, with directions to grant appellants a new trial.