## Saunders et al. v. Lincoln County Board of Education.

(Decided May 24, 1938.)

L. L. WALKER and ERNEST G. BAXTER for appellants.

P. M. McROBERTS and ALFRED HOLMAN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

This is the second appeal of this case. The opinion on the former appeal was handed down on October 22, 1937, Fiscal Court of Lincoln County v. Lincoln County Board of Education, 273 Ky. 174, 115 S. W. (2d) 891, and has become final. A complete statement of the facts and a review of the evidence will be found in that opinion and reference to it renders it unnecessary to extend this opinion by a reiteration thereof. The record on the former appeal has been placed with the record on this appeal and has been considered in connection with it.

By the former opinion a judgment of the Lincoln circuit court approving a proposed issue of bonds to fund a floating indebtedness of the county board of education of that county was reversed on the grounds in substance that it was not satisfactorily shown that the indebtedness proposed to be funded was valid when created nor was it made to satisfactorily appear that the officials in office at the time of the creation of the floating indebtedness acted with due regard to the finances of the school district entrusted to their management.

After the filing of the mandate reversing the judgment the county board of education, following a suggestion in the opinion on the former appeal that they might do so, filed an amended and supplemental petition and introduced some witnesses who testified on the first hearing of the action. We have carefully read and considered the pleadings and the evidence in both records and find that while the amended pleading filed by the board of education goes into a little more detail concerning the indebtedness there is in fact no material change in the allegations and the evidence introduced on the last hearing relates to matters covered by evi-

dence on the former hearings and is in substance and effect the same. In such circumstances it is apparent as is contended by counsel for appellant that the "law of the case" rule applies. It is an unvarying rule that an opinion of a former appeal of an action, whether right or wrong, is the law of the case and is binding on the parties and the court in subsequent trial or appeal where the facts are substantially the same as those appearing on the first appeal and this rule applies even though the evidence on the later appeal may go into fuller detail, if it is merely cumulative. Louisville & N. R. Co. v. Mink, 179 Ky. 625, 201 S. W. 16; Hauck et al. v. Lillick, 263 Ky. 326, 92 S. W. (2d) 329; Snyder v. Snyder, 269 Ky. 540, 107 S. W. (2d) 857.

Wherefore the judgment is reversed with directions to set it aside and enter judgment in conformity with this opinion.

Whole court sitting except Clay, J.