# City of Louisville v. Redmon.

Jan. 9, 1940.

As Modified on Denial of Rehearing Feb. 27, **1940.**

Eugene Hubbard, Judge.

Gavin H. Cochran and H. O. Williams for appellant.

Edrington & Redmon and Woodward, Dawson & Hobson for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This is the second appeal of this case. The first one is reported in City of Louisville v. Redmon, 265 Ky. 300, 96 S. W. (2d) 866. The record on the former appeal has been placed with this appeal, and has been considered in connection with it. Since the former opinion contains a statement of facts as to the collision in which Mrs. Redmon was injured when a car in which she was riding ran into the wall of an underpass, it is unnecessary to recite those facts herein.

As to the basis of Mrs. Redmon's plea for damages in the first case it was said in the former opinion:

"Mrs. Redmon's complaint really amounts to this: That the city is liable to her because it has not since the days of increased automobile traffic adopted a new or another plan for the construction of the street and underpass or viaduct, and drain and catch basin, conformable to a more modern plan, her cause of action is governed by that line of cases that fastens upon a municipality liability for an omission to repair the unsafe condition of a street after it has had either actual or constructive knowledge of the defect." [265 Ky. 300, 96 S. W. (2d) 869.]

She recovered damages amounting to $1,930. The case was reversed on the ground that the court should have peremptorily instructed the jury to find for the city because there was no showing of negligence on the part of the city.

On the second trial, by agreement of the parties, the case was submitted to the trial court to be considered and decided without the intervention of a jury. Mrs. Redmon offered the testimony of one witness, an engineer. This witness prepared two exhibits in support of his testimony to the effect that the underpass and the street near the catch basin were not built in accordance with the plans adopted in 1912. These exhibits showed that the original plans called for the paving of Market Street at the west end of the underpass for a width of approximately 22½ feet, with a catch basin on the outside of the paving and that subsequent to 1912 the street has been paved around the catch basin and over to the curbing beyond the street car tracks, making the paving approximately 40 feet wide. The City introduced one witness who had testified at the former trial.

Several days after the case was submitted Mrs. Redmon filed what was termed an "Amended petition conforming to the proof heard after reversal." In this amended petition she alleged that "by error of herself and her counsel, and because of the inability of each of them to read with understanding the drawings of the civil engineer originally introduced and filed in the evidence" it was pleaded that the original plans for the

catch basin were carelessly and negligently drawn, whereas it is true that the plans were carefully drawn and prepared, but that after the underpass was completed, "and more than five years before the filing of this amended petition the City negligently and carelessly suffered and permitted the street railway company, or other person or corporation unknown to this plaintiff, to pave around, both east and west of the catch basin so as to place said catch basin, and the deep depression in which it was placed, in the middle of the paved portion of Market Street without any binder or white stone markings."

It can be seen that Mrs. Redmon abandoned her plea of faulty construction of the underpass and based her case upon the plea of negligence in the widening of Market Street so as to leave the catch basin near the center of it. The City's objection to the filing of the amended petition was overruled. In its reply it traversed the affirmative allegations of the amended petition and pleaded limitations on the ground that Mrs. Redmon had abandoned her cause of action and instituted a new one, and also that the decision on the former appeal is the law of the case. The trial judge rendered judgment in favor of Mrs. Redmon for the same amount which she was awarded by the jury on the first trial; hence this appeal.

Several grounds are urged for reversal, but, since we have reached the conclusion that our opinion on the former appeal is the law of the case, we deem it unnecessary to discuss other points.

An examination of the record on the first appeal leads us to the conclusion that the substance of the evidence offered by the plaintiff on the second trial was in that record. True it is that, on the second trial, emphasis was directed toward the widening of Market Street subsequent to the time the underpass was built, but exhibits in the former record showed that under the 1912 plans Market Street was to be paved for a width of approximately 22½ feet. Other exhibits, including pictures of the scene of the accident, showed that the street was paved for a width of approximately 40 feet. In this connection, there is still no showing as to when the street was widened. From the pictures it appears that the widening was done some years ago.

In seeking to avoid the application of the law of the case doctrine the appellee insists that the case was tried formerly on the erroneous assumption that there had been no change in the maintenance or construction of the underpass and the street after the construction in 1912, and that it is shown now that there has been a change in the street so as to leave the catch basin near the center of it, whereas it was originally on the outside of the paving. The testimony of certain witnesses on the former trial lends itself to such interpretation, with the possible exception of that of the witness Lyman. But, be that as it may, we have reached the conclusion that our ruling on the former appeal was to the effect that the underpass and the street, as they existed at the time of the accident, were not negligently constructed. The fact that it was assumed that the street was paved for a width of 40 feet in 1912 is not material.

As indicated, no new evidence was brought forward on the second trial; the testimony of Mrs. Redmon's witness tending to direct attention to an erroneous assumption that there had been no change in the plan of construction of the underpass and the street at the point where the catch basin was located. As pointed out, exhibits in the record on the former appeal show the plans for the construction work in 1912. Our opinion was based upon the conclusion that the construction of the underpass and street as they existed at the time of the accident was as originally designed and was not unsafe for the traveling public.

It has been held in numerous cases that an opinion on the former appeal of an action, whether right or wrong, is the law of the case and is binding on the parties and the court in a subsequent trial or appeal, where the facts are substantially the same as those appearing on the first appeal, and this rule applies, even though the evidence on the latter appeal may be more in detail, if it is of a cumulative nature. Saunders et al. v. Lincoln County Board of Education, 273 Ky. 701, 117 S. W. (2d) 914; Snyder v. Snyder, 269 Ky. 540, 107 S. W. (2d) 857; Finley v. Thomas, 280 Ky. 654, 134 S. W. (2d) 243. See, also, Davis v. McCorkle, 14 Bush 746, as to the duty of parties to bring forward their whole case on its trial.

Wherefore, for the reasons given herein, the judg-

ment is reversed with directions for proceedings consistent with this opinion.

Whole Court sitting.