## Webb v. Daniel's Adm'r.

Nov. 28, 1941.

456

Wells & Wells and Jerry A. Hogan for appellant.

C. F. Pace for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing.

This is a second appeal. In our first opinion we reversed solely on the ground that under the proof there was no liability as against Mrs. Webb, the owner of the car which her husband was driving at the time Troy Daniel was injured by being struck by appellant's car.

Our opinion was based on the principle that the husband was not operating her car at the time under a general permission from the owner for purposes or convenience of the family. We also said:

"Even if we assume that the unusual relationship between appellant and her husband at the time [and place] of the accident was such as to make the family purpose doctrine applicable, nevertheless Webb was in law the head of the family, using a motor car of another member of the family on his own affairs, and not on the business of the owner."

The "unusual relationship" had reference to the fact that there had been a secret marriage, and the husband and wife were not living under the same roof, for the reason as disclosed, that she was employed by a company which had a rule against employing married women.

Our opinion on the first appeal, which recites the facts, is reported in 261 Ky. 810, 88 S. W. (2d) 926. As noted therein the judgment we reversed was for $25,000. The fact is not disclosed in the record, but we gather from appellant's brief that a second trial resulted in a verdict for $3,000, which was set aside; the last trial resulted in a verdict and judgment for $10,000, from which this appeal is prosecuted. The statement as to the outcome of the second trial, taken from the brief, is not denied, since appellee has not filed brief, though more than once notified of default.

In reversing the former judgment, after reviewing the evidence and stating applicable law principles, we

said: "It follows that appellant was entitled to the directed verdict she requested." As we read the evidence on the vital point, and comparing it with the evidence adduced on the first trial in respect to the manner of obtaining and using appellant's car by the husband just prior to the accident, we fail to find any which would have the effect of changing our conclusion in respect of either principle or rule stated. In fact we find that the mother, Mrs. Beulah Webb, did not testify on the first trial, but in the instant case did testify on one point that was not made clear on the other trial.

We said:

"Appellant's husband *evidently* at the request of his mother came to appellant's office and secured the only key to the automobile, for the purpose  * * * of taking Mrs. Kirk [a sister of the mother] to the cemetery."

On this trial she said that on the day of the accident the son was at her home and she told him to go and get the key to the car. She had asked the daughter the day before for the loan or use of the car for the purpose of taking Mrs. Kirk to the cemetery. She knew nothing of the diverted use to which the husband put the car, before or at the time of the accident. The mother makes it plain that it was purposed to use the car to take the sister to the cemetery where her husband was buried, and there is no showing that the automobile was kept for the business or convenience of the mother-in-law. The proof is otherwise.

We are of the opinion that there was no material difference in proof adduced on the former and this last trial on the points upon which we reversed. Certainly not enough to fasten negligence on the owner of the car under any principle or doctrine known to us. Since this is true, it follows that the trial court should have sustained appellant's motion for peremptory instruction made at the close of appellee's testimony, and renewed at the close of the case. Chesapeake & O. R. Co. v. Prater's Adm'r, 269 Ky. 174, 106 S. W. (2d) 625; Moran's Ex'r v. Moran, 238 Ky. 403, 38 S. W. (2d) 207; City of Louisville v. Redmon, 282 Ky. 1, 137 S. W. (2d) 350, and numerous cases cited under Appeal and Error, Kentucky Digest Key Number System 1097 (1), dealing with "law of case" rule.

There are several grounds for reversal; one based on irregularity in formation of the jury panel; this is not pressed. Another is based on the fact that the court, in the reformation of the jury made prejudicial remarks. There is no likelihood of recurrence. Other questions raised as to pleadings and claimed prejudicial instructions are not commented upon, but reserved and the judgment is reversed, again expressing the opinion that appellant was entitled to a directed verdict.

Judgment reversed.